UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ISABELLA BUNOSSO,

    **Plaintiff,**

  v.                                Civil Action 2:25-cv-936
                                         Chief Judge Sarah D. Morrison
                                         Magistrate Judge Chelsey M. Vascura

THE OHIO STATE UNIVERSITY, *et al.*,

    **Defendants.**

## PRELIMINARY PRETRIAL ORDER

The parties submitted their Rule 26(f) Report on November 18, 2025, and indicated their preference that the Court issue a Preliminary Pretrial Order without a conference. Accordingly, the November 25, 2025 preliminary pretrial conference is **VACATED**.

### Rule 26(a)(1) Initial Disclosures

The parties have agreed to make initial disclosures by **January 23, 2026**.

### Jurisdiction and Venue

There are contested issues related to venue or jurisdiction.

Defendants contend that, under the Eleventh Amendment, the Court lacks jurisdiction over Plaintiff's state-law claims as well as Plaintiff's § 1983 claims against OSU and its Board of Trustees.

### Amendments to Pleadings and/or Joinder of Parties

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **February 27, 2026**.

**Motions**

The following motions are pending:

- Defendants' Motion to Partially Dismiss Plaintiff's Complaint, filed November 7, 2025 (ECF No. 21).

**Allegations in the Pleadings and Jury Demand**

Plaintiff alleges retaliation for reporting sex-based discrimination. She makes claims for violations of Title IX; the First Amendment; the Fourteenth Amendment; Title VII; and Ohio's anti-discrimination statute; and for intentional infliction of emotional distress. Defendants deny Plaintiff's allegations and further contend that that Plaintiff is barred from bringing certain claims in federal court or fails to state certain claims. Defendants further assert affirmative defenses including immunity from certain claims.

There is a jury demand.

**Expert Disclosures**

Primary expert reports, if any, must be produced by **August 28, 2026**. Rebuttal expert reports, if any, must be produced by **September 25, 2026**.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All discovery shall be completed by **December 23, 2026**. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

The parties anticipate the production of ESI. The parties intend to produce ESI, along with any other discovery materials, in accordance with the Federal Rules of Civil Procedure and this Court's local rules. The parties will also discuss a proposed stand-alone stipulated protective and ESI order governing the handling of ESI and confidential information that may be produced in this litigation.

The parties intend to seek entry of a protective order or clawback agreement.

**Dispositive Motions**

Case dispositive motions must be filed by **February 12, 2027**.

**Settlement**

Plaintiff shall make a settlement demand by **October 2, 2026**. Defendants shall respond by **October 23, 2026**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **November 2026**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule. All deadlines established in this Order will remain in place unless the parties move for and are granted a

continuance or stay. In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE