# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **ISABELLA BUNOSSO**, | : | |
| | : | |
| **Plaintiff**, | : | **Case No. 2:25-cv-936** |
| | : | |
| v. | : | **Judge Sarah D. Morrison** |
| | : | |
| **THE OHIO STATE UNIVERSITY,** | : | **Magistrate Judge Chelsey M. Vascura** |
| **ET. AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**ANSWER OF DEFENDANTS THE OHIO STATE UNIVERSITY, THE OHIO STATE UNIVERSITY BOARD OF TRUSTEES, PETER MOHLER, WALTER CARTER, JR., MELLISA GILLIAM, KARLA ZADNIK, RAVI BELLAMKONDA, SELIN MALKOC GOODMAN, JOSEPH GOODMAN, REBECCA RECZEK, GREG ALLENBY, AND MELISSA MAYHAN TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

Defendants The Ohio State University ("OSU"), The Ohio State University Board of Trustees ("Board"), Peter Mohler, Walter Carter, Jr., Melissa Gilliam, Karla Zadnik, Ravi Bellamkonda, Selin Malkoc Goodman ("Selin Malkoc" or "Dr. Malkoc"),[1] Joseph Goodman, Rebecca Reczek, Greg Allenby, and Melissa Mayhan (collectively, "Defendants"), in answer to Plaintiff Isabella Bunosso's Amended Complaint (ECF No. 27), state as follows:

1. In answer to Paragraph 1 of the Amended Complaint, Defendants admit Isabella Bunosso is a student currently enrolled in OSU's Max M. Fisher College of Business Business Administration Marketing PhD program ("Program"). Defendants further admit Ms.

---

[1] Defendant Selin Malkoc Goodman is identified in Plaintiff's Amended Complaint as "Selin Malkoc-Goodman." This is not the correct legal name. Her legal name is "Selin Malkoc Goodman," without a hyphen. Moreover, Selin Malkoc Goodman uses the name "Selin Malkoc" for her professional and academic work. Accordingly, Selin Malkoc Goodman is hereinafter referred to as "Selin Malkoc" or "Dr. Malkoc."

Bunosso has co-authored articles appearing in *Scientific American* and *International Journal of Consumer Studies*. Defendants further admit Ms. Bunosso has served as a teaching associate and independent instructor in the Fisher College of Business. Defendants further admit Ms. Bunosso was nominated for the Graduate Associate Teaching Award for the 2024-2025 academic year. Defendants further admit Ms. Bunosso was selected as a fellow for the 2025 Hayes Advanced Research Forum. Defendants further admit Ms. Bunosso was selected as a fellow for the 2025 Haring Symposium for Doctoral Research in Marketing. Defendants further admit Ms. Bunosso was selected as a fellow for the 2025 AMA-Sheth Doctoral Consortium. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Amended Complaint and therefore deny the same.

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint and therefore deny the same.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint and therefore deny the same.

4. In answer to Paragraph 4 of the Amended Complaint, Defendants admit Ms. Bunosso reported alleged sex discrimination and abuse to OSU's Civil Rights Compliance Office. To the extent Paragraph 4 of the Amended Complaint alleges Ms. Bunosso *actually* suffered sex discrimination or abuse, Defendants deny the allegations. Defendants deny the remaining allegations in Paragraph 4 of the Amended Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Amended Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Amended Complaint.

7. The allegations in Paragraph 7 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7 of the Amended Complaint.

8. The allegations in Paragraph 8 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 8 of the Amended Complaint.

9. The allegations in Paragraph 9 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 9 of the Amended Complaint.

10. In answer to Paragraph 10 of the Amended Complaint, Defendants admit that, at all relevant times, Ms. Bunosso is and was a graduate student attending OSU. Defendants deny the allegation that, at all relevant times, Ms. Bunosso "is and was residing in Columbus, Ohio."

11. Defendants admit the allegations in Paragraph 11 of the Amended Complaint.

12. In answer to Paragraph 12 of the Amended Complaint, Defendants admit OSU receives federal funding. The remaining allegations in Paragraph 12 of the Amended Complaint state legal conclusions to which no response is required. To the extent the remaining allegations in Paragraph 12 of the Amended Complaint require a response, Defendants admit the allegations.

13. Defendants admit the allegations in Paragraph 13 of the Amended Complaint.

14. Defendants admit the allegations in Paragraph 14 of the Amended Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Amended Complaint.

16. Defendants admit the allegations in Paragraph 16 of the Amended Complaint.

17. Defendants admit the allegations in Paragraph 17 of the Amended Complaint.

18. Defendants admit the allegations in Paragraph 18 of the Amended Complaint.

19. Defendants admit the allegations in Paragraph 19 of the Amended Complaint.

20. Defendants admit the allegations in Paragraph 20 of the Amended Complaint.

21. Defendants admit the allegations in Paragraph 21 of the Amended Complaint.

22. Defendants admit the allegations in Paragraph 22 of the Amended Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Amended Complaint.

24. Defendants admit the allegations in Paragraph 24 of the Amended Complaint.

25. Defendants admit the allegations in Paragraph 25 of the Amended Complaint.

26. Defendants admit the allegations in Paragraph 26 of the Amended Complaint.

27. Defendants admit the allegations in Paragraph 27 of the Amended Complaint.

28. Defendants admit the allegations in Paragraph 28 of the Amended Complaint.

29. Defendants admit the allegations in Paragraph 29 of the Amended Complaint.

30. Defendants admit the allegations in Paragraph 30 of the Amended Complaint.

31. Defendants admit the allegations in Paragraph 31 of the Amended Complaint.

32. Defendants admit the allegations in Paragraph 32 of the Amended Complaint.

33. Defendants admit the allegations in Paragraph 33 of the Amended Complaint.

34. Defendants admit the allegations in Paragraph 34 of the Amended Complaint.

35. The allegations in Paragraph 35 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer that 20 U.S.C. § 1681(a) speaks for itself. To the extent a further response is required, Defendants admit Paragraph 35 of the Amended Complaint accurately quotes an excerpted portion of 20 U.S.C. § 1681(a).

36. The allegations in Paragraph 36 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer that 36 C.F.R. Part 106 and 38 C.F.R. Part 23 speak for themselves. To the extent a further answer is required, Defendants admit the allegations in Paragraph 36 of the Amended Complaint.

37. The allegations in Paragraph 37 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer that *Gebster v. Lago Vista Independent School District*, 524 U.S. 274 (1988) speaks for itself. To the extent a further response is required, Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38. The allegations in Paragraph 38 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer that *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60 (1992) speaks for itself. To the extent a further response is required, Defendants deny the allegations in Paragraph 38 of the Amended Complaint.

39. The allegations in Paragraph 39 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer that *Jakson v. Birmingham Board of Education*, 544 U.S. 167 speaks for itself. To the extent a further response is required, Defendants admit the allegations in Paragraph 39 of the Amended Complaint.

40. The allegations in Paragraph 40 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer that *Bose v. Bea*, 947 F.3d 983 (6th Cir. 2020) speaks for itself. To the extent a further response is required, Defendants admit the allegations in Paragraph 40 of the Amended Complaint.

41. The allegations in Paragraph 41 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer that U.S. Const. amend. I, speaks for itself. To the extent a further response is required, Defendants admit the allegations in Paragraph 41 of the Amended Complaint.

42. The allegations in Paragraph 42 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer that *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503, 506 (1969) speaks for itself. To the extent a further response is required, Defendants admit the allegations in Paragraph 42 of the Amended Complaint.

43. The allegations in Paragraph 43 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer that *Healy v. James*, 408 U.S. 169 (1972) speaks for itself. To the extent a further response is required, Defendants admit the allegations in Paragraph 43 of the Amended Complaint.

44. The allegations in Paragraph 44 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer that *Diel v. Boyd*, 116 F.4th 637 (6th Cir. 2024) speaks for itself. For the extent a further response is required, Defendants admit the allegation in Paragraph 44 of the Amended Complaint.

45. The allegations in Paragraph 45 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer that U.S. Const. amend. XIV, § 1, speaks for itself. To the extent a further response is required, Defendants admit the allegations in Paragraph 45 of the Amended Complaint.

46. In answer to Paragraph 46 of the Amended Complaint, Defendants admit Ms. Bunosso is currently a PhD candidate in the Program, with a specialization in Consumer Behavior.

Further answering, Defendants admit Ms. Bunosso holds a Master of Business Administration Degree from Fisher College of Business. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Amended Complaint and therefore deny the same.

47. Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49. Defendants admit the allegations in Paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51. In answer to Paragraph 51 of the Amended Complaint, Defendants admit Ms. Bunosso has worked on multiple projects since enrolling in the Program. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 51 of the Amended Complaint and therefore deny the same.

52. Defendants admit the allegations in Paragraph 52 of the Amended Complaint.

53. Defendants admit the allegations in Paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Amended Complaint.

61. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint and therefore deny the same.

62. Defendants admit the allegations in Paragraph 62 of the Amended Complaint.

63. Defendants admit the allegations in Paragraph 63 of the Amended Complaint.

64. In answer to Paragraph 64 of the Amended Complaint, Defendants admit the CRCO issued a Notice of Allegations to Dr. Malkoc on or around March 9, 2023. Furthermore, Defendants admit Paragraph 64 of the Amended Complaint accurately quotes excerpted parts of the Notice of Allegations issued to Dr. Malkoc on or around March 9, 2023. To the extent Paragraph 64 of the Amended Complaint alleges the *truth of* the allegations stated in the Notice of Allegations issued to Dr. Malkoc on or around March 9, 2023, Defendants deny the allegations. To the extent Paragraph 64 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 64 of this Answer, Defendants deny the allegations.

65. In answer to Paragraph 65 of the Amended Complaint, Defendants admit the CRCO issued a Notice of Allegations to Dr. Goodman on or around March 9, 2023. Furthermore, Defendants admit Paragraph 65 of the Amended Complaint accurately quotes excerpted parts of the Notice of Allegations issued to Dr. Goodman on or around March 9, 2023. To the extent Paragraph 65 of the Amended Complaint alleges the *truth of* the allegations stated in the Notice of Allegations issued to Dr. Goodman on or around March 9, 2023, Defendants deny the allegations. To the extent Paragraph 65 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 65 of this Answer, Defendants deny the allegations.

66. In answer to Paragraph 66 of the Amended Complaint, Defendants admit the CRCO issued a Notice of Allegations to Dr. Reczek on or around March 9, 2023. Furthermore, Defendants admit Paragraph 66 of the Amended Complaint accurately quotes excerpted

parts of the Notice of Allegations issued to Dr. Reczek on or around March 9, 2023. To the extent Paragraph 66 of the Amended Complaint alleges the *truth of* the allegations stated in the Notice of Allegations issued to Dr. Reczek on or around March 9, 2023, Defendants deny the allegations. To the extent Paragraph 66 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 66 of this Answer, Defendants deny the allegations.

67. Defendants admit the allegations in Paragraph 67 of the Amended Complaint.

68. Defendants admit the allegations in Paragraph 68 of the Amended Complaint.

69. In answer to Paragraph 69 of the Amended Complaint, Defendants admit the CRCO issued a Notice of Allegations to Dr. Goodman on or around May 4, 2023. Furthermore, Defendants admit Paragraph 69 of the Amended Complaint accurately quotes excerpted parts of the Notice of Allegations issued to Dr. Goodman on or around May 4, 2023. To the extent Paragraph 69 of the Amended Complaint alleges the *truth of* the allegations stated in the Notice of Allegations issued to Dr. Goodman on or around May 4, 2023, Defendants deny the allegations. To the extent Paragraph 69 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 69 of this Answer, Defendants deny the allegations.

70. Defendants admit the allegations in Paragraph 70 of the Amended Complaint.

71. Defendants admit the allegations in Paragraph 71 of the Amended Complaint.

72. In answer to Paragraph 72 of the Amended Complaint, Defendants admit the CRCO issued a Notice of Allegations to Dr. Malkoc on or around June 9, 2023. Furthermore, Defendants admit Paragraph 72 of the Amended Complaint accurately quotes excerpted parts of the Notice of Allegations issued to Dr. Malkoc on or around June 9, 2023. To the extent

Paragraph 72 of the Amended Complaint alleges the *truth of* the allegations stated in the Notice of Allegations issued to Dr. Malkoc on or around June 9, 2023, Defendants deny the allegations. To the extent Paragraph 72 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 72 of this Answer, Defendants deny the allegations.

73. In answer to Paragraph 73 of the Amended Complaint, Defendants admit the CRCO issued a Notice of Allegations to Dr. Goodman on or around June 9, 2023. Furthermore, Defendants admit Paragraph 73 of the Amended Complaint accurately quotes excerpted parts of the Notice of Allegations issued to Dr. Goodman on or around June 9, 2023. To the extent Paragraph 73 of the Amended Complaint alleges the *truth of* the allegations stated in the Notice of Allegations issued to Dr. Goodman on or around June 9, 2023, Defendants deny the allegations. To the extent Paragraph 73 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 73 of this Answer, Defendants deny the allegations.

74. Defendants admit the allegations in Paragraph 74 of the Amended Complaint.

75. Defendants admit the allegations in Paragraph 75 of the Amended Complaint.

76. Defendants admit the allegations in Paragraph 76 of the Amended Complaint.

77. In answer to Paragraph 77 of the Amended Complaint, Defendants admit another Fisher College of Business graduate student filed a CRCO complaint against Dr. Malkoc on or around August 10, 2023. Further answering, Defendants admit Paragraph 77 of the Amended Complaint accurately quotes an excerpt of the CRCO complaint filed against Dr. Malkoc on or around August 10, 2023. To the extent Paragraph 77 of the Amended

Complaint alleges the *truth of* the allegations stated in the CRCO complaint filed against Dr. Malkoc on or around August 10, 2023, Defendants deny the allegations.

78. Defendants admit the allegations in Paragraph 78 of the Amended Complaint.

79. In answer to Paragraph 79 of the Amended Complaint, Defendants admit the internal investigation committee issued findings pertaining to Ms. Bunosso's authorship dispute on or around August 21, 2023. Defendants deny the remaining allegations in Paragraph 79 of the Amended Complaint.

80. In answer to Paragraph 80 of the Amended Complaint, Defendants admit that, following the issuance of the internal investigation committee's findings on or around August 21, 2023, Dr. Makhija's role was to help determine whether there was a path forward to resolve the authorship dispute and to make recommendations on how to do so. To the extent Paragraph 80 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 80 of this Answer, Defendants deny the allegations.

81. In answer to Paragraph 81 of the Amended Complaint, Defendants admit that, on or around August 28, 2023, Ms. Mayhan, in her capacity as Deputy Associate Vice President and Title IX Coordinator, filed a CRCO complaint on behalf of Ms. Bunosso against Dr. Allenby. Defendants further admit the complaint Ms. Mayhan filed on behalf of Ms. Bunosso alleged retaliation and process abuse by Dr. Allenby. To the extent Paragraph 81 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 81 of this Answer, Defendants deny the allegations.

82. Defendants admit the allegations in Paragraph 82 of the Amended Complaint.

83. In answer to Paragraph 83 of the Amended Complaint, Defendants admit the CRCO issued a Notice of Allegations to Dr. Allenby on or around August 31, 2023. Furthermore, Defendants admit Paragraph 83 of the Amended Complaint accurately quotes excerpted parts of the Notice of Allegations issued to Dr. Allenby on or around August 31, 2023. To the extent Paragraph 83 of the Amended Complaint alleges the *truth of* the allegations stated in the Notice of Allegations issued to Dr. Allenby on or around August 31, 2023, Defendants deny the allegations. To the extent Paragraph 83 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 83 of this Answer, Defendants deny the allegations.

84. Defendants admit the allegations in Paragraph 84 of the Amended Complaint.

85. Defendants admit the allegations in Paragraph 85 of the Amended Complaint.

86. Defendants admit the allegations in Paragraph 86 of the Amended Complaint.

87. Defendants admit the allegations in Paragraph 87 of the Amended Complaint.

88. In answer to Paragraph 88 of the Amended Complaint, Defendants admit the CRCO issued a Notice of Allegations to Dr. Malkoc on or around September 26, 2023. Furthermore, Defendants admit Paragraph 88 of the Amended Complaint accurately quotes excerpted parts of the Notice of Allegations issued to Dr. Malkoc on or around September 26, 2023. To the extent Paragraph 88 of the Amended Complaint alleges the *truth of* the allegations stated in the Notice of Allegations issued to Dr. Malkoc on or around September 26, 2023, Defendants deny the allegations. To the extent Paragraph 88 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 88 of this Answer, Defendants deny the allegations.

89. In answer to Paragraph 89 of the Amended Complaint, Defendants admit the CRCO issued a Notice of Allegations to Dr. Goodman on or around September 26, 2023. Furthermore, Defendants admit Paragraph 89 of the Amended Complaint accurately quotes excerpted parts of the Notice of Allegations issued to Dr. Goodman on or around September 26, 2023. To the extent Paragraph 89 of the Amended Complaint alleges the *truth of* the allegations stated in the Notice of Allegations issued to Dr. Goodman on or around September 26, 2023, Defendants deny the allegations. To the extent Paragraph 89 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 89 of this Answer, Defendants deny the allegations.

90. In answer to Paragraph 90 of the Amended Complaint, Defendants admit the CRCO issued a Notice of Allegations to Dr. Reczek on or around September 26, 2023. Furthermore, Defendants admit Paragraph 90 of the Amended Complaint accurately quotes excerpted parts of the Notice of Allegations issued to Dr. Reczek on or around September 26, 2023. To the extent Paragraph 90 of the Amended Complaint alleges the *truth of* the allegations stated in the Notice of Allegations issued to Dr. Reczek on or around September 26, 2023, Defendants deny the allegations. To the extent Paragraph 90 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 90 of this Answer, Defendants deny the allegations.

91. In answer to Paragraph 91 of the Amended Complaint, Defendants admit Dr. Malkoc and Dr. Goodman filed a CRCO complaint against Ms. Bunosso on October 5, 2023. Defendants deny the allegation that Dr. Malkoc and Dr. Goodman filed the complaint "in retaliation for filing complaints against them."

92. In answer to Paragraph 92 of the Amended Complaint, Defendants admit the October 5, 2023, CRCO complaint filed by Dr. Malkoc and Dr. Goodman included allegations that Ms. Bunosso provided inaccurate information to the CRCO, Ms. Bunosso failed to fulfill her teaching assistant responsibilities while being paid by OSU, and Ms. Bunosso discriminated against Dr. Malkoc and Dr. Goodman on the basis of ethnicity, religion, and gender. Defendants deny the allegation that the October 5, 2023, CRCO complaint filed by Dr. Malkoc and Dr. Goodman alleged Ms. Bunosso discriminated against Dr. Malkoc and Dr. Goodman on the basis of sex or national origin. To the extent Paragraph 92 of the Amended Complaint purports to state *all* bases for the October 5, 2023, CRCO complaint filed by Dr. Malkoc and Dr. Goodman, Defendants deny the allegations.

93. Defendants admit the allegations in Paragraph 93 of the Amended Complaint.

94. Defendants admit the allegations in Paragraph 94 of the Amended Complaint

95. Defendants deny the allegations in Paragraph 95 of the Amended Complaint.

   a. Defendants admit the allegations in Paragraph 95.a. of the Amended Complaint.

   b. Defendants deny the allegations in Paragraph 95.b. of the Amended Complaint.

      i. Defendants deny the allegations in Paragraph 95.b.i. of the Amended Complaint.

      ii. Defendants deny the allegations in Paragraph 95.b.ii of the Amended Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Amended Complaint.

97. Defendants deny the allegations in Paragraph 97 of the Amended Complaint.

98. Defendants admit the allegations in Paragraph 98 of the Amended Complaint.

99. Defendants deny the allegations in Paragraph 99 of the Amended Complaint.

100.     In answer to Paragraph 100 of the Amended Complaint, Defendants admit Dean Stromburger described the conflict between Ms. Bunosso and Dr. Malkoc as "toxic." Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 100 of the Amended Complaint and therefore deny the same.

101.     In answer to Paragraph 101 of the Amended Complaint, Defendants admit Dean Stromburger expressed her opinion that the Political Policies Project was Ms. Bunosso's creation. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 101 of the Amended Complaint and therefore deny the same.

102.     Defendants deny the allegations in Paragraph 102 of the Amended Complaint.

103.     Defendants admit the allegations in Paragraph 103 of the Amended Complaint.

104.     Defendants deny the allegations in Paragraph 104 of the Amended Complaint.

105.     In answer to Paragraph 105 of the Amended Complaint, Defendants admit that, on January 5, 2024, CRCO issued a no-contact directive to Ms. Bunosso prohibiting her from contacting Dr. Malkoc, Dr. Goodman, or Dr. Reczek. Further answering, Defendants admit that, on or around January 5, 2024, CRCO issued no-contact directives to Dr. Malkoc, Dr. Goodman, and Dr. Reczek respectively, prohibiting them from contacting Ms. Bunosso. Defendants deny the remaining allegations in Paragraph 105 of the Amended Complaint.

106.     Defendants admit the allegations in Paragraph 106 of the Amended Complaint.

107.     Defendants admit the allegations in Paragraph 107 of the Amended Complaint.

108.     In answer to Paragraph 108 of the Amended Complaint, Defendants deny the allegation that the CRCO "dismissed" the complaint Dr. Malkoc and Dr. Goodman filed

against Ms. Bunosso. Further answering, Defendants aver that CRCO resolved the complaint Dr. Malkoc and Dr. Goodman filed against Ms. Bunosso based on CRCO's finding that "[a]n investigation into the allegations provided that there is not reasonable cause to believe that a policy violation may have occurred."

109.     Defendants deny the allegations in Paragraph 109 of the Amended Complaint.

110.     Defendants deny the allegations in Paragraph 110 of the Amended Complaint.

111.     Defendants admit the allegations in Paragraph 111 of the Amended Complaint.

112.     In answer to the second Paragraph 110[2] of the Amended Complaint, Defendants admit that, as of April 25, 2024, the CRCO investigations into Mr. Bunosso's complaints against Dr. Malkoc, Dr. Goodman, and Dr. Reczek remained ongoing. To the extent the second Paragraph 110 of the Amended Complaint states any allegations additional or contrary to those specifically admitted in Paragraph 112 of this Answer, Defendants deny the allegations.

113.     Defendants admit the allegations in Paragraph 112 of the Amended Complaint.

114.     Defendants admit the allegations in Paragraph 113 of the Amended Complaint.

115.     Defendants deny the allegations in Paragraph 114 of the Amended Complaint.

116.     Defendants admit the allegations in Paragraph 115 of the Amended Complaint.

117.     Defendants admit the allegations in Paragraph 116 of the Amended Complaint.

118.     Defendants deny the allegations in Paragraph 117 of the Amended Complaint.

119.     In answer to Paragraph 118 of the Amended Complaint, Defendants admit Dr. Malkoc and Dr. Goodman reached an agreement with Ms. Bunosso regarding the dispute

---

[2] There appears to be a numbering error in Plaintiff's Amended. There are two separate paragraphs numbered "110." The second Paragraph 110 appears between Paragraph 111 and Paragraph 112.

over the research projects. Defendants deny the remaining allegations in Paragraph 118 of the Amended Complaint.

120. Defendants admit the allegations in Paragraph 119 of the Amended Complaint.

121. Defendants deny the allegations in Paragraph 120 of the Amended Complaint.

122. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121 of the Amended Complaint and therefore deny the same.

123. In answer to Paragraph 122 of the Amended Complaint, Defendants admit CRCO modified the no-contact directives between Ms. Bunosso and Dr. Malkoc and Dr. Goodman on September 13, 2024. To the extent Paragraph 122 of the Amended Complaint states any allegations contrary or additional to Defendants' specific admissions in Paragraph 123 of this Answer, Defendants deny the allegations.

124. Defendants deny the allegations in Paragraph 123 of the Amended Complaint.

125. The allegations in Paragraph 124 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124 of the Amended Complaint.

126. The allegations in Paragraph 125 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125 of the Amended Complaint.

127. The allegations in Paragraph 126 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 126 of the Amended Complaint.

128.     The allegations in Paragraph 127 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 127 of the Amended Complaint.

129.     The allegations in Paragraph 128 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128 of the Amended Complaint.

130.     Defendants admit the allegations in Paragraph 129 of the Amended Complaint.

131.     Defendants deny the allegations in Paragraph 130 of the Amended Complaint.

132.     Defendants deny the allegations in Paragraph 131 of the Amended Complaint.

133.     Defendants deny the allegations in Paragraph 132 of the Amended Complaint.

134.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 133 of the Amended Complaint and therefore deny the same.

135.     Defendants deny the allegations in Paragraph 134 of the Amended Complaint.

136.     Defendants deny the allegations in Paragraph 135 of the Amended Complaint.

    a. Defendants deny the allegations in Paragraph 135.a. of the Amended Complaint.

    b. Defendants deny the allegations in Paragraph 135.b. of the Amended Complaint.

    c. Defendants deny the allegations in Paragraph 135.c. of the Amended Complaint.

    d. Defendants deny the allegations in Paragraph 135.d. of the Amended Complaint.

    e. Defendants deny the allegations in Paragraph 135.e. of the Amended Complaint.

137.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 136 of the Amended Complaint and therefore deny the same.

138.     Defendants deny the allegations in Paragraph 137 of the Amended Complaint.

139.     In answer to Paragraph 138 of the Amended Complaint, Defendants admit the Fisher College of Business faculty approved Ms. Bunosso's Program of Study on or around September 15, 2023. Defendants deny the allegation that the approval occurred "one and a half years after [Ms. Bunosso] first began seeking approval."

140.     Defendants deny the allegations in Paragraph 139 of the Amended Complaint.

141.     Defendants deny the allegations in Paragraph 140 of the Amended Complaint.

    a.  Defendants deny the allegations in Paragraph 140.a. of the Amended Complaint.

    b.  Defendants deny the allegations in Paragraph 140.b. of the Amended Complaint.

142.     Defendants admit the allegations in Paragraph 141 of the Amended Complaint.

143.     Defendants admit the allegations in Paragraph 142 of the Amended Complaint.

144.     Defendants admit the allegations in Paragraph 143 of the Amended Complaint.

145.     In answer to Paragraph 144 of the Amended Complaint, Defendants aver that students and faculty are not "invited" to student breakfasts with visiting researchers. Further answering, Defendants aver that students and faculty must affirmatively sign up for breakfasts with visiting researchers. To the extent Paragraph 144 of the Amended Complaint alleges Defendants excluded Ms. Bunosso or Jane Doe from the student breakfast with the researcher, Defendants deny the allegations. To the extent Paragraph 144 of the Amended Complaint states any allegations additional or contrary to Defendants' specific averments in Paragraph 145 of this Answer, Defendants deny the allegations.

146.     Defendants deny the allegations in Paragraph 145 of the Amended Complaint.

147.     Defendants admit the allegations in Paragraph 146 of the Amended Complaint.

148.     Defendants admit the allegations in Paragraph 147 of the Amended Complaint.

149.     In answer to Paragraph 148 of the Amended Complaint, Defendants admit that, as a supportive measure, Ms. Bunosso received permission to attend Brown Bags virtually during the Fall 2023 semester. Defendants deny the remaining allegations in Paragraph 148 of the Amended Complaint.

150.     In answer to Paragraph 149 of the Amended Complaint, Defendants aver Ms. Bunosso was not provided a link to the Brown Bag sessions until late September 2023 because the relevant faculty were not aware Ms. Bunosso received permission from OSU to attend Brown Bags remotely as a supportive measure. To the extent Paragraph 149 of the Amended Complaint states any allegations additional or contrary to Defendants' specific averments in Paragraph 150 of this Answer, Defendants deny the allegations.

151.     Defendants lack sufficient knowledge or information to form an opinion as to the truth of the allegations in Paragraph 150 of the Amended Complaint and therefore deny the same.

152.     In answer to Paragraph 151 of the Amended Complaint, Defendants deny the allegation that *any* student, including Ms. Bunosso, was excluded from the Brown Bag presentations.

153.     Defendants deny the allegations in Paragraph 152 of the Amended Complaint.

154.     Defendants deny the allegations in Paragraph 153 of the Amended Complaint.

155.     Defendants deny the allegations in Paragraph 154 of the Amended Complaint.

156.     Defendants deny the allegations in Paragraph 155 of the Amended Complaint.

157.     Defendants admit the allegations in Paragraph 156 of the Amended Complaint.

158.     Defendants admit the allegations in Paragraph 157 of the Amended Complaint.

159.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 158 of the Amended Complaint and therefore deny the same.

160.     Defendants admit the allegations in Paragraph 159 of the Amended Complaint.

161.     In answer to Paragraph 160 of the Amended Complaint, Defendants admit Dr. Malkoc changed the text of her slides during the presentation. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 160 of the Amended Complaint and therefore deny the same.

162.     In answer to Paragraph 161 of the Amended Complaint, Defendants deny the allegation that Dr. Malkoc or Dr. Goodman "plagiarized" Ms. Bunosso's work. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 161 of the Amended Complaint and therefore deny the same.

163.     In answer to Paragraph 162 of the Amended Complaint, Defendants deny the allegation that Dr. Malkoc and Dr. Goodman were using Ms. Bunosso's research. Further answering, Defendants deny the allegation that Dr. Walker "told Dean Makhija and the investigation committee that Dr. [Malkoc] and Dr. Goodman were not doing distinct research and instead were using Ms. Bunosso's research." Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 162 of the Amended Complaint and therefore deny the same.

164.     Defendants deny the allegations in Paragraph 163 of the Amended Complaint.

165.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 164 of the Amended Complaint and therefore deny the same.

166.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 165 of the Amended Complaint and therefore deny the same.

167.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 166 of the Amended Complaint and therefore deny the same.

168.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 167 of the Amended Complaint and therefore deny the same.

169.     Defendants admit the allegations in Paragraph 168 of the Amended Complaint.

170.     Defendants deny the allegations in Paragraph 169 of the Amended Complaint.

171.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 170 of the Amended Complaint and therefore deny the same.

172.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 171 of the Amended Complaint and therefore deny the same.

173.     In answer to Paragraph 172 of the Amended Complaint, Defendants admit Dr. Allenby appealed the sanctions. Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that "Dean Brown told Ms. Bunosso that Dr. Allenby had appealed the sanctions and therefore, the sanctions would not be implemented while the appeal was pending" and therefore deny the allegations.

174.     In answer to Paragraph 173 of the Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation "[n]o one at OSU had notified Ms. Bunosso of the appeal or offered her the opportunity to respond to it," and therefore deny the allegation. The remaining allegations in Paragraph 173 of the Amended Complaint state legal conclusions to which no response is required. To the extent a further response to the remaining allegations is required, Defendants deny the allegations.

175.     Defendants lack sufficient knowledge or information to form an opinion as to the truth of the allegations in Paragraph 174 of the Amended Complaint and therefore deny the same.

176.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 175 of the Amended Complaint and therefore deny the same.

177.     Defendants deny the allegations in Paragraph 176 of the Amended Complaint.

178.     Defendants deny the allegations in Paragraph 177 of the Amended Complaint.

179.     Defendants deny the allegations in Paragraph 178 of the Amended Complaint.

180.     Defendants deny the allegations in Paragraph 179 of the Amended Complaint.

181.     Defendants deny the allegations in Paragraph 180 of the Amended Complaint.

182.     Defendants deny the allegations in Paragraph 181 of the Amended Complaint.

183.     Defendants deny the allegations in Paragraph 182 of the Amended Complaint.

184.     Defendants deny the allegations in Paragraph 183 of the Amended Complaint

185.     Defendants deny the allegations in Paragraph 184 of the Amended Complaint.

186.     Defendants deny the allegations in Paragraph 185 of the Amended Complaint.

187.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 186 of the Amended Complaint and therefore deny the same.

188.     Defendants deny the allegations in Paragraph 187 of the Amended Complaint.

189.     In answer to Paragraph 188 of the Amended Complaint, Defendants admit Ms. Bunosso requested a no-contact directive between Ms. Bunosso and Dr. Reczek. Defendants deny the remaining allegations in Paragraph 188 of the Amended Complaint.

190.     In answer to Paragraph 189 of the Amended Complaint, Defendants admit Ms. Bunosso requested CRCO terminate the no-contact directive between Ms. Bunosso and Dr.

Reczek. Defendants lack sufficient knowledge or information to form an opinion as to the truth of the remaining allegations in Paragraph 189 of the Amended Complaint and therefore deny the same.

191.     Defendants admit the allegations in Paragraph 190 of the Amended Complaint.

192.     The allegations in Paragraph 191 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer that 34 C.F.R. § 106.30(a) speaks for itself. To the extent a further response is required, Defendants deny the allegations in Paragraph 191 of the Amended Complaint.

193.     Defendants deny the allegations in Paragraph 192 of the Amended Complaint.

194.     In answer to Paragraph 193 of the Amended Complaint, Defendants aver OSU's Title IX policy speaks for itself. To the extent a further response is required, Defendants admit the allegations in Paragraph 193 of the Amended Complaint.

195.     Defendants deny the allegations in Paragraph 194 of the Amended Complaint.

196.     In answer to Paragraph 195 of the Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that "Ms. Bunosso dare not risk violating the no contact directive" and therefore, deny the same. In answer to the remaining allegations in Paragraph 1995, Defendants aver OSU's Title IX policy speaks for itself. To the extent a further response is required, Defendants admit Section IX.A. of OSU's Title IX policy states, "A finding of a policy violation will result in a remedy, which may include corrective action/sanctions. The university will take steps, whether individual or systemic, to stop the prohibited discrimination, harassment, or sexual misconduct, prevent its recurrence, eliminate any hostile environment, and remedy the discriminatory effects on the complainant and others, as appropriate." Further answering,

Defendants admit Section X.A. of OSU's Title IX policy states, "When the respondent is a student, potential sanctions include formal reprimand, disciplinary probation, suspension, dismissal, and other appropriate educational sanctions." To the extent Paragraph 195 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 196 of this Answer, Defendants deny the allegations.

197.     In answer to Paragraph 196 of the Amended Complaint, Defendants admit the no-contact directive between Ms. Bunosso and Dr. Reczek remains in place. The remaining allegations in Paragraph 196 state legal conclusions to which no response is required. To the extent a further response to the remaining allegations in Paragraph 196 is required, Defendants deny the allegations.

198.     The allegations in Paragraph 197 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 197 of the Amended Complaint.

199.     The allegations in Paragraph 198 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 198 of the Amended Complaint.

200.     The allegations in Paragraph 199 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 199 of the Amended Complaint.

201.     The allegations in Paragraph 200 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 200 of the Amended Complaint.

202.    The allegations in Paragraph 201 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 201 of the Amended Complaint.

203.    In answer to Paragraph 202 of the Amended Complaint, Defendants admit that, on or around October 22, 2024, Ms. Bunosso requested that, as a supportive measure, she be allowed to continue her education remotely. Defendants deny the remaining allegations in Paragraph 202 of the Amended Complaint.

204.    Defendants deny the allegations in Paragraph 203 of the Amended Complaint.

205.    Defendants deny the allegations in Paragraph 204 of the Amended Complaint.

206.    Defendants deny the allegations in Paragraph 205 of the Amended Complaint.

207.    Defendants deny the allegations in Paragraph 206 of the Amended Complaint.

208.    Defendants admit the allegations in Paragraph 207 of the Amended Complaint.

209.    Defendants admit the allegations in Paragraph 208 of the Amended Complaint.

210.    Defendants admit the allegations in Paragraph 209 of the Amended Complaint.

211.    Defendants deny the allegations in Paragraph 210 of the Amended Complaint.

212.    Defendants admit the allegations in Paragraph 211 of the Amended Complaint.

213.    Defendants admit the allegations in Paragraph 212 of the Amended Complaint.

214.    Defendants admit the allegations in Paragraph 213 of the Amended Complaint.

215.    Defendants admit the allegations in Paragraph 214 of the Amended Complaint.

216.    Defendants deny the allegations in Paragraph 215 of the Amended Complaint.

217.    Defendants deny the allegations in Paragraph 216 of the Amended Complaint.

218.    Defendants deny the allegations in Paragraph 217 of the Amended Complaint.

219.    Defendants deny the allegations in Paragraph 218 of the Amended Complaint.

220.     Defendants admit the allegations in Paragraph 219 of the Amended Complaint.

221.     In answer to Paragraph 220 of the Amended Complaint, Defendants admit the allegation that two of Dr. Allenby's students were selected to attend the 2024 Haring Symposium. Defendants deny the remaining allegations in Paragraph 220 of the Amended Complaint.

222.     In answer to Paragraph 221 of the Amended Complaint, Defendants admit the allegation that "these two students were both junior to Bunosso." Further answering, Defendants admit the allegation that "these two students were first- and second-year students at the time." Defendants deny the allegation that these students were "unusually junior for the selection."

223.     Defendants admit the allegations in Paragraph 222 of the Amended Complaint.

224.     Defendants deny the allegations in Paragraph 223 of the Amended Complaint.

225.     In answer to Paragraph 224 of the Amended Complaint, Defendants admit Dr. Reczek told Dr. Donnelly that invitations for the 2025 Mittelstaedt Symposium would go to two Quantitative Modeling students. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 224 of the Amended Complaint and therefore deny the same.

226.     Defendants admit the allegations in Paragraph 225 of the Amended Complaint.

227.     In answer to Paragraph 226 of the Amended Complaint, Defendants deny the allegations that "Dr. Reczek told [Dr. Donnelly] that if Ms. Bunosso wanted to attend these events, she would need to extend her enrollment for a sixth year in the Program." Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 226 of the Amended Complaint and therefore deny the same.

228.     In answer to Paragraph 227 of the Amended Complaint, Defendants deny the allegation that Ms. Bunosso is the most senior student in the Program. Further answering, Defendants admit Ms. Bunosso had not yet attended the Sheth Consortium, the Haring Symposium, or the Mittelstaedt Symposium prior to 2025. Further answering, Defendants deny the allegation that Ms. Bunosso was "the appropriate student to attend all three 2025 events."

229.     Defendants admit the allegations in Paragraph 228 of the Amended Complaint.

230.     Defendants admit the allegations in Paragraph 229 of the Amended Complaint.

231.     Defendants deny the allegations in Paragraph 230 of the Amended Complaint.

232.     Defendants deny the allegations in Paragraph 231 of the Amended Complaint.

233.     Defendants admit the allegations in Paragraph 232 of the Amended Complaint.

234.     Defendants deny the allegations in Paragraph 233 of the Amended Complaint.

235.     Defendants admit the allegations in Paragraph 234 of the Amended Complaint.

236.     Defendants admit the allegations in Paragraph 235 of the Amended Complaint.

237.     Defendants admit the allegations in Paragraph 236 of the Amended Complaint.

238.     Defendants admit the allegations in Paragraph 237 of the Amended Complaint.

239.     Defendants deny the allegations in Paragraph 238 of the Amended Complaint.

240.     Defendants admit the allegations in Paragraph 239 of the Amended Complaint.

241.     In answer to Paragraph 240 of the Amended Complaint, Defendants admit the allegation that Ms. Bunosso was participating in the Program virtually in June 2025. Further answering, Defendants deny the allegation Ms. Bunosso was participating in the Program virtually "to avoid contact with her abusers." Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that

Ms. Bunosso was living in Connecticut in June 2025, and therefore deny the same. Further answering, Defendants admit the allegation Ms. Bunosso had to travel to Columbus, Ohio to attend the Sheth Consortium hosted by OSU.

242.     Defendants admit the allegations in Paragraph 241 of the Amended Complaint.

243.     Defendants admit the allegations in Paragraph 242 of the Amended Complaint.

244.     Defendants admit the allegations in Paragraph 243 of the Amended Complaint.

245.     In answer to Paragraph 244 of the Amended Complaint, Defendants deny the allegation that there was any "ongoing Title IX [*sic*] and retaliation against her" by Fisher College of Business Faculty. Further answering, Defendants admit Ms. Bunosso requested reimbursement for attending the Sheth Consortium hosted at OSU. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 244 of the Amended Complaint and therefore deny the same.

246.     In answer to Paragraph 245 of the Amended Complaint, Defendants admit Ms. Bunosso did not receive reimbursement for attending the Sheth Consortium hosted at OSU.

247.     In answer to Paragraph 246 of the Amended Complaint, Defendants aver that prior OSU Sheth Fellows received reimbursement for travel expenses associated with attending the Sheth Consortium *because OSU did not host the Sheth Consortium* the years those prior fellows attended. Further answering, Defendants admit Ms. Bunosso was not reimbursed for her expenses to attend the Sheth Consortium hosted at OSU.

248.     In answer to Paragraph 247 of the Amended Complaint, Defendants admit Ms. Bunosso attended the 2025 Sheth Consortium. Further answering, Defendants deny the allegation that Ms. Bunosso "did not receive the same experience and benefits from the event compared to her peers."

249.     Defendants deny the allegations in Paragraph 248 of the Amended Complaint.

250.     Defendants admit the allegations in Paragraph 249 of the Amended Complaint.

251.     Defendants deny the allegations in Paragraph 250 of the Amended Complaint.

252.     In answer to Paragraph 251 of the Amended Complaint, Defendants admit Dr. Malkoc, Dr. Goodman, and Dr. Allenby did not speak to or about Ms. Bunosso at the Sheth Consortium due to the no-contact directives in place. To the extent Paragraph 251 of the Amended Complaint states allegations contrary or additional to the specific admissions in Paragraph 252 of this Answer, Defendants deny the allegations.

253.     In Answer to Paragraph 252 of the Amended Complaint, Defendants admit Dr. Reczek did not speak to or about Ms. Bunosso at the Sheth Consortium due to the no-contact directive in place. Further answering, Defendants admit CRCO completed its investigative report into Ms. Bunosso's allegations against Dr. Reczek prior to the Sheth Consortium, with a finding of insufficient evidence of any Title IX policy violation, gender-based discrimination or harassment, retaliation, or process abuse by Dr. Reczek. To the extent Paragraph 252 of the Amended Complaint states any allegations contrary or additional to Defendants' specific admissions in Paragraph 253 of this Answer, Defendants deny the allegations.

254.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 253 of the Amended Complaint and therefore deny the same.

255.     Defendants deny the allegations in Paragraph 254 of the Amended Complaint.

256.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 255 of the Amended Complaint and therefore deny the same.

257.     Defendants deny the allegations in Paragraph 256 of the Amended Complaint.

258.	In answer to Paragraph 257 of the Amended Complaint, Defendants admit Dr. Allenby, Dr. Reczek, Dr. Malkoc, and Dr. Goodman interacted with other OSU students at the Sheth Consortium, as they were not subject to no-contact directives pertaining to those students. To the extent Paragraph 257 of the Amended Complaint states any allegations contrary or additional to Defendants' specific admissions in Paragraph 258 of this Answer, Defendants deny the allegation.

259.	Defendants deny the allegations in Paragraph 258 of the Amended Complaint.

260.	Defendants deny the allegations in Paragraph 259 of the Amended Complaint.

261.	Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 260 of the Amended Complaint and therefore deny the same.

262.	Defendants deny the allegations in Paragraph 261 of the Amended Complaint.

263.	Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 262 of the Amended Complaint and therefore deny the same.

264.	In answer to Paragraph 263 of the Amended Complaint, Defendants admit Dr. Malkoc and Dr. Goodman refused to allow Ms. Bunosso to use their work on the Experiential Consumption project towards her graduation requirements. To the extent Paragraph 263 of the Amended Complaint alleges Ms. Bunosso's work related to the Experiential Consumption project was sufficient to satisfy any graduation requirements, Defendants deny the allegations. To the extent Paragraph 263 of the Amended Complaint states any allegations additional or contrary to Defendants' specific admissions in Paragraph 264 of this Answer, Defendants deny the allegations.

265.	Defendants deny the allegations in Paragraph 264 of the Amended Complaint.

266.	Defendants deny the allegations in Paragraph 265 of the Amended Complaint.

267.     Defendants deny the allegations in Paragraph 266 of the Amended Complaint.

268.     Defendants deny the allegations in Paragraph 267 of the Amended Complaint.

269.     Defendants deny the allegations in Paragraph 268 of the Amended Complaint.

270.     Defendants deny the allegations in Paragraph 269 of the Amended Complaint.

271.     Defendants admit the allegations in Paragraph 270 of the Amended Complaint.

272.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 271 of the Amended Complaint and therefore deny the same.

273.     In answer to Paragraph 272 of the Amended Complaint, Defendants deny the allegation that "Dr. Reczek had instructed Dr. Nam not to collaborate with students during her first year as a professor." Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 272 of the Amended Complaint and therefore deny the same.

274.     Defendants deny the allegations in Paragraph 273 of the Amended Complaint.

275.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 274 of the Amended Complaint and therefore deny the same.

276.     Defendants admit the allegations in Paragraph 275 of the Amended Complaint.

277.     Defendants deny the allegations in Paragraph 276 of the Amended Complaint.

278.     The allegations in Paragraph 277 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 277 of the Amended Complaint.

279.     The allegations in Paragraph 278 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 278 of the Amended Complaint.

280. The allegations in Paragraph 279 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 279 of the Amended Complaint.

281. The allegations in Paragraph 280 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 280 of the Amended Complaint.

282. In answer to Paragraph 281 of the Amended Complaint, Defendants admit the allegation that Ms. Bunosso's graduation is dependent on successfully meeting the requirements of the Program. Defendants deny the remaining allegations in Paragraph 281 of the Amended Complaint.

283. Defendants deny the allegations in Paragraph 282 of the Amended Complaint.

284. In answer to Paragraph 283 of the Amended Complaint, Defendants deny the allegation that Ms. Bunosso has been subject to any "discrimination, harassment, or retaliation." Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 284 and therefore deny the same.

285. Defendants incorporate by reference Paragraphs 1-284 of this Answer, as if fully restated herein.

286. The allegations in Paragraph 285 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 285 of the Amended Complaint.

287. The allegations in Paragraph 286 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 286 of the Amended Complaint.

288.     The allegations in Paragraph 287 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer 34 C.F.R. § 106.71(a) speaks for itself. To the extent a further response is required, Defendants deny the allegations in Paragraph 287 of the Amended Complaint.

289.     The allegations in Paragraph 288 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 288 of the Amended Complaint.

290.     The allegations in Paragraph 289 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 289 of the Amended Complaint.

291.     The allegations in Paragraph 290 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 290 of the Amended Complaint.

a.   The allegations in Paragraph 290.a. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

b.   The allegations in Paragraph 290.b. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

c.   The allegations in Paragraph 290.c. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    d.   The allegations in Paragraph 290.d. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    e.   The allegations in Paragraph 290.e. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    f.   The allegations in Paragraph 290.f. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the Amended Complaint.

292.    Defendants incorporate by reference Paragraphs 1-290 of this Answer, as if fully restated herein.

293.    The allegations in Paragraph 292 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 292 of the Amended Complaint.

294.    The allegations in Paragraph 293 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 293 of the Amended Complaint.

295.    Defendants admit the allegations in Paragraph 294 of the Amended Complaint.

296.    The allegations in Paragraph 295 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 295 of the Amended Complaint.

      a. The allegations in Paragraph 295.a. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

      b. The allegations in Paragraph 295.b. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

297. The allegations in Paragraph 296 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 296 of the Amended Complaint.

298. The allegations in Paragraph 297 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 297 of the Amended Complaint.

299. The allegations in Paragraph 298 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 298 of the Amended Complaint.

300. The allegations in Paragraph 299 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 299 of the Amended Complaint.

301. Defendants incorporate by reference Paragraphs 1-300 of this Answer, as if fully restated herein.

302. The allegations in Paragraph 301 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 301 of the Amended Complaint.

303.     The allegations in Paragraph 302 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 302 of the Amended Complaint.

304.     The allegations in Paragraph 303 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 303 of the Amended Complaint.

   a.   The allegations in Paragraph 303.a. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

   b.   The allegations in Paragraph 303.b. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

   c.   The allegations in Paragraph 303.c. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

   d.   The allegations in Paragraph 303.d. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

   e.   The allegations in Paragraph 303.e. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    f.   The allegations in Paragraph 303.f. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

305.    The allegations in Paragraph 304 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 304 of the Amended Complaint.

306.    The allegations in Paragraph 305 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 305 of the Amended Complaint.

307.    The allegations in Paragraph 306 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 306 of the Amended Complaint.

308.    The allegations in Paragraph 307 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 307 of the Amended Complaint.

309.    The allegations in Paragraph 308 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 308 of the Amended Complaint.

310.    The allegations in Paragraph 309 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 309 of the Amended Complaint.

311.    Defendants incorporate by reference Paragraphs 1-310 of this Answer, as if fully restated herein.

312. The allegations in Paragraph 311 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 311 of the Amended Complaint.

313. The allegations in Paragraph 312 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 312 of the Amended Complaint.

314. The allegations in Paragraph 313 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 313 of the Amended Complaint.

    a. The allegation in Paragraph 313.a. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    b. The allegation in Paragraph 313.b. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    c. The allegation in Paragraph 313.c. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    d. The allegation in Paragraph 313.d. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

e. The allegation in Paragraph 313.e. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

315. The allegations in Paragraph 314 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 314 of the Amended Complaint.

316. The allegations in Paragraph 315 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 315 of the Amended Complaint.

317. The allegations in Paragraph 316 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 316 of the Amended Complaint.

318. The allegations in Paragraph 317 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 317 of the Amended Complaint.

319. Defendants incorporate by reference Paragraphs 1-318 of this Answer, as if fully restated herein.

320. The allegations in Paragraph 319 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 319 of the Amended Complaint.

321. Defendants deny the allegations in Paragraph 320 of the Amended Complaint.

322. Defendants deny the allegations in Paragraph 321 of the Amended Complaint.

323. Defendants deny the allegations in Paragraph 322 of the Amended Complaint.

324.     Defendants deny the allegations in Paragraph 323 of the Amended Complaint.

   a.   Defendants deny the allegations in Paragraph 323.a of the Amended Complaint.

   b.   Defendants deny the allegations in Paragraph 323.b of the Amended Complaint.

   c.   Defendants deny the allegations in Paragraph 323.c of the Amended Complaint.

   d.   Defendants deny the allegations in Paragraph 323.d of the Amended Complaint.

   e.   Defendants deny the allegations in Paragraph 323.e of the Amended Complaint.

325.     Defendants deny the allegations in Paragraph 324 of the Amended Complaint.

326.     Defendants deny the allegations in Paragraph 325 of the Amended Complaint.

327.     The allegations in Paragraph 326 of the Amended Complaint state legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 326 of the Amended Complaint.

328.     The allegations in Paragraph 327 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 327 of the Amended Complaint.

329.     The allegations in Paragraph 328 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 328 of the Amended Complaint.

330.     The allegations in Paragraph 329 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 329 of the Amended Complaint.

331.     The allegations in Paragraph 330 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 330 of the Amended Complaint.

332.     The allegations in Paragraph 331 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 331 of the Amended Complaint.

333.     The allegations in Paragraph 332 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 332 of the Amended Complaint.

334.     The allegations in Paragraph 333 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 333 of the Amended Complaint.

335.     Defendants incorporate by reference Paragraphs 1-334 of this Answer, as if fully restated herein.

336.     The allegations in Paragraph 335 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 335 of the Amended Complaint.

337.     The allegations in Paragraph 336 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 336 of the Amended Complaint.

338.     The allegations in Paragraph 337 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 337 of the Amended Complaint.

339.     The allegations in Paragraph 338 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 338 of the Amended Complaint.

340.     The allegations in Paragraph 339 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 339 of the Amended Complaint.

341.     The allegations in Paragraph 340 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 340 of the Amended Complaint.

    a.  The allegations in Paragraph 340.a. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    b.  The allegations in Paragraph 340.b. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    c.  The allegations in Paragraph 340.c. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    d.  The allegations in Paragraph 340.d. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    e.  The allegations in Paragraph 340.e. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

342.      The allegations in Paragraph 341 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 341 of the Amended Complaint.

343.      The allegations in Paragraph 342 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 342 of the Amended Complaint.

344.      In answer to Paragraph 343 of the Amended Complaint, Defendants lack sufficient knowledge or information to form an opinion as to the truth of the allegation that "Ms. Bunosso filed a charge with the EEOC" and therefore deny the allegation. The remaining allegations in Paragraph 343 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response to the remaining allegations is required, Defendants deny the allegations.

345.      In answer to Paragraph 344 of the Amended Complaint, Defendants lack sufficient knowledge or information to form an opinion as to the truth of the allegation that Ms. Bunosso "received a timely right to sue letter from the Equal Employment Opportunity Commission" and therefore deny the allegation. The remaining allegations in Paragraph 344 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response to the remaining allegations is required, Defendants deny the allegations.

346.      The allegations in Paragraph 345 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 345 of the Amended Complaint.

347.     Defendants incorporate by reference Paragraphs 1-346 of this Answer, as if fully restated herein.

348.     The allegations in Paragraph 347 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 347 of the Amended Complaint.

349.     The allegations in Paragraph 348 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 348 of the Amended Complaint.

350.     The allegations in Paragraph 349 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants answer Ohio Rev. Code § 4112.02(I) speaks for itself. To the extent a further response is required, Defendants deny the allegations in Paragraph 349 of the Amended Complaint.

351.     The allegations in Paragraph 350 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 350 of the Amended.

   a.   The allegations in Paragraph 350.a. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

   b.   The allegations in Paragraph 350.b. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

  c. The allegations in Paragraph 350.c. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

  d. The allegations in Paragraph 350.d. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

  e. The allegations in Paragraph 350.e. of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

352. In answer to Paragraph 351 of the Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that "Ms. Bunosso filed a charge with the EEOC" and therefore deny the allegation. The remaining allegations in Paragraph 351 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response to the remaining allegations is required, Defendants deny the allegations.

353. In answer to Paragraph 352 of the Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Ms. Bunosso "received a timely right to sue letter from the Equal Employment Opportunity Commission" and therefore deny the allegation. The remaining allegations in Paragraph 352 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response to the remaining allegations is required, Defendants deny the allegations.

354.     Defendants incorporate by reference Paragraphs 1-353 of this Answer, as if fully restated herein.

355.     The allegations in Paragraph 354 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 354 of the Amended Complaint.

356.     The allegations in Paragraph 355 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 355 of the Amended Complaint.

357.     The allegations in Paragraph 356 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 356 of the Amended Complaint.

358.     Defendants incorporate by reference Paragraphs 1-357 of this Answer, as if fully restated herein.

359.     The allegations in Paragraph 358 of the Amended Complaint, including subparagraphs a)-k), state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 358 of the Amended Complaint, including subparagraphs a)-k).

360.     Defendants deny Ms. Bunosso is entitled to any of the relief requested in her Prayer for Relief.

361.     Defendants deny any allegations in the Amended Complaint not specifically admitted in this Answer.

### **FIRST DEFENSE**

362.     Ms. Bunosso failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

363.     The individual Defendants are entitled to qualified immunity from Ms. Bunosso's

claims under 42 U.S.C. § 1983.

## THIRD DEFENSE

364.     Defendants are entitled to sovereign immunity under the Eleventh Amendment.

## FOURTH DEFENSE

365.     The Court lacks jurisdiction over Ms. Bunosso's state law claims.

## FIFTH DEFENSE

366.     Ms. Bunosso failed to timely file a complaint with the Equal Employment

Opportunity Commission alleging discrimination and/or retaliatory conduct by OSU, the

OSU Board of Trustees, Dr. Malkoc, Dr. Goodman, Dr. Reczek, and/or Dr. Allenby.

## SIXTH DEFENSE

367.     Defendants took reasonable care to prevent and promptly correct any harassing or

discriminatory behavior, and Ms. Bunosso failed to take advantage of the preventive and

corrective opportunities provided.

## SEVENTH DEFENSE

368.     Ms. Bunosso failed to exhaust her administrative remedies.

## EIGHTH DEFENSE

369.     Ms. Bunosso failed to mitigate some or all of her alleged damages.

## NINTH DEFENSE

370.     Ms. Bunosso's claims are barred by the applicable statute of limitations.

## TENTH DEFENSE

371.     Defendants reserve the right to amend this Answer.

## **JURY DEMAND**

Defendants demand a jury trial of all issues in this case.

Respectfully submitted,

*/s/ Trista M. Turley*

Trista M. Turley (0093939) – Trial Counsel
Ryan C. Spitzer (0093515)
Kyle R. Davidson (0102660)
Isaac Wiles Burkholder & Miller, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215
TEL:   614.221.2121
FAX:   614.365-9516
tturley@isaacwiles.com
rspitzer@isaacwiles.com
kdavidson@isaacwiles.com

*Attorneys for The Ohio State University, The Ohio State University Board of Trustees, Peter Mohler, Walter Carter, Jr., Melissa Gilliam, Karla Zadnik, Ravi Bellamkonda, Selin Malkoc Goodman, Joseph Goodman, Rebecca Reczek, Greg Allenby, and Melissa Mayhan*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this 12th day of December 2025, I electronically filed a copy of the foregoing *__Answer to Plaintiff's Amended Complaint__* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  All Parties may access this filing through the Court's system.

*/s/ Trista M. Turley*
Trista M. Turley (0093939)