IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISABELLA BUNOSSO, | : | |
| | : | |
| **Plaintiff**, | : | Case No. 2:25-cv-936 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| THE OHIO STATE UNIVERSITY, ET. AL., | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS THE OHIO STATE UNIVERSITY, THE OHIO STATE UNIVERSITY BOARD OF TRUSTEES, PETER MOHLER, WALTER CARTER JR., MELISSA GILLIAM, KARLA ZADNIK, RAVI BELLAMKONDA, SELIN MALKOC GOODMAN, JOSEPH GOODMAN, REBECCA RECZEK, GREG ALLENBY, AND MELISSA MAYHAN'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants The Ohio State University ("OSU"), The Ohio State University Board of Trustees ("Boart of Trustees" or "Board"), Peter Mohler, Walter Carter, Jr., Melissa Gilliam, Karla Zadnik, Ravi Bellamkonda, Selin Malkoc Goodman ("Selin Malkoc" or "Dr. Malkoc"),[1] Joseph Goodman, Rebecca Reczek, Greg Allenby, and Melissa Mayhan (collectively, "Defendants") respectfully move the Court to partially dismiss the Amended Complaint in this matter. Specifically:

(1) Pursuant to the Eleventh Amendment and Fed. R. Civ. P. 12(b)(2), Defendants move for dismissal of Counts II, III, IV, and V against OSU and the Board and against

---

[1] Defendant Selin Malkoc Goodman is identified in Plaintiff's Amended Complaint as "Selin Malkoc-Goodman." This is not the correct legal name. Her legal name is "Selin Malkoc Goodman," without a hyphen. Moreover, Selin Malkoc Goodman uses the name "Selin Malkoc" for her professional and academic work. Accordingly, Selin Malkoc Goodman is hereinafter referred to as "Selin Malkoc" or "Dr. Malkoc."

individual Defendants to the extent they seek damages from those Defendants in their official capacities. Defendants move for complete dismissal of Counts VII and VIII. The doctrine of sovereign immunity bars Plaintiff from raising these claims in federal court against the State of Ohio and its departments and officials.

(2) Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants move to dismiss Count V for failure to state a claim upon which relief can be granted. The Amended Complaint fails to allege any facts sufficient to establish a claim for failure to train and supervise. As Count V is the only claim against Dr. Mohler, Mr. Carter, Dr. Gilliam, Dr. Zadnik, and Dr. Bellamkonda, those Defendants should be dismissed as parties to this case.

(3) Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants move to dismiss Count I as against Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan, as Title IX does not provide for individual liability.

(4) Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants move to dismiss Count VI as against Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby, as Title VII does not authorize claims against individual employees and supervisors.

Respectfully submitted,

*/s/ Trista M. Turley*
Trista M. Turley (0093939) – Trial Counsel
Ryan C. Spitzer (0093515)
Kyle R. Davidson (0102660)
ISAAC WILES BURKHOLDER & MILLER, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215
TEL:   614.221.2121
FAX:   614.365-9516
tturley@isaacwiles.com
rspitzer@isaacwiles.com
kdavidson@isaacwiles.com
*(signature block continued below)*

*Attorneys for The Ohio State University, The Ohio State University Board of Trustees, Peter Mohler, Walter Carter, Jr., Melissa Gilliam, Karla Zadnik, Ravi Bellamkonda, Selin Malkoc Goodman, Joseph Goodman, Rebecca Reczek, Greg Allenby, and Melissa Mayhan*

**MEMORANDUM IN SUPPORT**

    I.      **INTRODUCTION**

Plaintiff Isabella Bunosso, a PhD student at The Ohio State University ("OSU"), brings a potpourri of claims against OSU, its Board of Trustees, current and former OSU administrators Peter Mohler, Walter Carter, Jr., Melissa Gilliam, Karla Zadnik, Ravi Bellamkonda, and Melissa Mayhan, and current OSU faculty members Selin Malkoc, Joseph Goodman, Rebecca Reczek, and Greg Allenby. The majority of Ms. Bunosso's claims are either jurisdictionally or procedurally deficient right out of the starting gate.

Defendants OSU and the Board are departments of the State of Ohio. The remaining Defendants are sued, at least in part, in their capacities as State officials. Accordingly, Defendants are entitled to the applicable protections of sovereign immunity under the Eleventh Amendment. Eleventh Amendment sovereign immunity bars federal courts from hearing claims against the State and its departments unless the State has waived that immunity or Congress has validly abrogated that immunity. Six of Ms. Bunosso's eight claims—her four claims under 42 U.S.C. 1983 and her two claims under state law—are claims for which neither Ohio nor Congress has done away with the State's Eleventh Amendment sovereign immunity. Accordingly, the Court lacks the authority to adjudicate Ms. Bunosso's Section 1983 claims against OSU and the Board, her Section 1983 claims for damages against individual Defendants in their official capacities, and her state law claims. They should be dismissed for lack of jurisdiction.

Aside from these jurisdictional issues, Ms. Bunosso's Section 1983 claim for failure to train and supervise should fall at the pleadings stage for failure to state a claim upon which relief can be granted. This claim is unsupported by any factual allegations establishing any failure by any Defendant to train or supervise subordinates. Ms. Bunosso merely makes conclusory

statements alleging Defendants failed to supervise and train their subordinates. These conclusory allegations fail to meet even the minimal pleading standards of Fed. R. Civ. P. 8, and Ms. Bunosso's failure to train and supervise claim should be dismissed accordingly.

Finally, while the Court does have jurisdiction to adjudicate Ms. Bunosso's retaliation claims under Title IX and Title VII, those claims should be dismissed against individually named Defendants. Those Defendants are not recipients of federal funds under Title IX and do not fall within the definition of "employer" under Title VII. Therefore, individual Defendants cannot be subject to Title IX or Title VII liability.

## II. SUMMARY OF RELEVANT FACTS

### A. The parties share a connection to The Ohio State University.

All parties to this case are current or past members of the OSU community. Ms. Bunosso is a PhD candidate in OSU's Max M. Fisher College of Business ("Fisher College of Business"). (Amended Complaint, ¶ 1.) OSU is a named Defendant, as is the Board of Trustees, which acts as the governing body of OSU. (*Id*., ¶¶ 11, 13.) The remaining Defendants are all current or former administrators or faculty members at OSU. Dr. Mohler formerly served as OSU's Acting President and Executive Vice President for Research, Innovation, and Knowledge. (*Id*., ¶ 16.) Mr. Carter is the current President of OSU. (*Id*. at ¶ 18.) Dr. Gilliam is former Executive Vice President and Provost of OSU. (*Id*. at ¶ 20.) Dr. Zadnik is the former Interim Executive Vice President and Provost of OSU, while Dr. Bellamkonda is the current Executive Vice President and Provost. (*Id*. at ¶¶ 22, 24.) Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby are all professors in the Fisher College of Business. (*Id*. at ¶¶ 28, 30, 32, 34.) Finally, Ms. Mayhan is the Deputy Associate Vice President and Title IX Coordinator within OSU's Civil Rights Compliance Office ("CRCO"). (*Id*. at ¶ 34.)

### B. The core of Ms. Bunosso's Amended Complaint concerns disputes with Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby.

At the core of Ms. Bunosso's Amended Complaint is a series of alleged disputes with Dr. Malkoc and Dr. Goodman, who are married. (*Id*. at ¶ 27, fn. 1.) Between March and September of 2023, Ms. Bunosso filed several Title IX complaints against Dr. Malkoc and Dr. Goodman with the CRCO, alleging sex-based discrimination and retaliation dating back to August 2021. (*Id*. at ¶¶ 62, 64, 65, 67, 72, 73, 86, 88, 89.) Ms. Bunosso claims the alleged discrimination and retaliation impacted both her academic work and her employment as a graduate teaching assistant. (*Id*.) In addition to these numerous CRCO Title IX complaints, Ms. Bunosso filed an authorship dispute against Dr. Malkoc and Dr. Goodman concerning two research projects: the "Political Policies Project" and the "Experiential Consumption Project." (*Id*. at ¶ 74.) Following an investigation by the Fisher College of Business and unsuccessful attempted mediation by Dean Anil Makhija, the authorship dispute was ultimately resolved via a written agreement between Ms. Bunosso, Dr. Malkoc, and Dr. Goodman. (*Id*. at ¶ 118.)

Dr. Malkoc and Dr. Goodman were not the only faculty members ensnared in disputes with Ms. Bunosso. Ms. Bunosso also filed multiple Title IX complaints with the CRCO against Dr. Reczek, alleging sex discrimination and retaliation dating back to 2021. (*Id*. at ¶¶ 62, 66, 85, 90.) Additionally, Ms. Mayhan later filed a Title IX retaliation complaint on Ms. Bunosso's behalf against Dr. Allenby, alleging Dr. Allenby improperly encouraged Ms. Bunosso to drop her complaints against Dr. Reczek. (*Id*. at ¶¶ 81-83.) Of the numerous complaints filed against Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby, only the complaint against Dr. Allenby—which Ms. Bunosso did not personally file—resulted in a finding of any Title IX policy violations and subsequent sanctions. (*Id*. at ¶ 93.) Dr. Allenby appealed those sanctions. (*Id*. at ¶ 172.)

3

After Ms. Bunosso filed her Title IX complaints against Dr. Malkoc, Dr. Goodman, and Dr. Reczek, the CRCO issued no-contact directives between Ms. Bunosso and Dr. Malkoc, Dr. Goodman, and Dr. Reczek. (*Id*. at ¶ 105.) *Ms. Bunosso specifically requested these no-contact directives*. (*Id*.) However, Ms. Bunosso was seemingly dissatisfied with the consequences of her request, as she now complains the directives unlawfully prevented Dr. Malkoc, Dr. Goodman, and Dr. Reczek from interacting with her, endorsing her, or networking on her behalf during the Sheth Consortium, an academic conference OSU hosted in June 2025. (*Id*. at ¶¶ 251-252.) Apparently, Ms. Bunosso believes her reputation has been irreparably damaged by the fact that the professors against whom she filed complaints and with whom she requested no-contact directives did not actively associate with her during the conference. (*Id*. at ¶ 254.)

### C. Ms. Bunosso's Amended Complaint is devoid of factual allegations against current and former OSU administrators Dr. Mohler, Mr. Carter, Dr. Gilliam, Dr. Zadnik, and Dr. Bellamkonda.

In stark contrast to the numerous pages of factual allegations against Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby, Ms. Bunosso's complaint is strikingly devoid of *any* factual allegations against Dr. Mohler, Mr. Carter, Dr. Gilliam, Dr. Zadnik, or Dr. Bellamkonda. Plaintiff simply blankly alleges these Defendants failed to train and supervise their subordinates. (*Id*., ¶¶ 15-24, 197-204, 277-280, 318-333.) Conspicuously absent from Ms. Bunosso's complaint are any factual allegations describing *how* Dr. Mohler, Mr. Carter, Dr. Gilliam, Dr. Zadnik, or Dr. Bellamkonda failed to train or adequately supervise any subordinate. (*See generally id.*) Additionally, while Ms. Bunosso's complaint includes at least some non-conclusory factual allegations against Ms. Mayhan, none of those factual allegations describe how Ms. Mayhan failed to train or supervise any of her subordinates in the CRCO. (*See generally id*.) Essentially, Plaintiff simply states, repeatedly, that these Defendants violated her constitutional rights by failing to

4

adequately train and supervise, without even the most bare bones factual allegations supporting these legal conclusions.

### D. Ms. Bunosso's Amended Complaint alleges eight distinct counts against various Defendants.

In her Amended Complaint, Ms. Bunosso raises the following eight counts:

1) Count I: Title IX Retaliation, Pursuant to 20 U.S.C. § 1681 (Amended Complaint, ¶¶ 284-290)
    - Against: OSU, the Board, Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan

2) Count II: Violation of the First and Fourteenth Amendment Right to Free Speech and Association, Pursuant to 42 U.S.C. § 1983 (Amended Complaint, ¶¶ 291-299)
    - Against: Dr. Reczek and Ms. Mayhan

3) Count III: Violation of the First Amendment Right to Free Speech and Association, Pursuant to 42 U.S.C. § 1983 (Amended Complaint, ¶¶ 300-309)
    - Against: OSU, the Board, Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan

4) Count IV: Denial of the Fourteenth Amendment Right to Substantive Due Process and Equal Protection, Pursuant to 42 U.S.C. § 1983 (Amended Complaint, ¶¶ 310-317)
    - Against: Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan

5) Count V: Failure to Train and Supervise Under the Fourteenth Amendment, Pursuant to 42 U.S.C. § 1983 (Amended Complaint, ¶¶ 318-333)
    - Against: Dr. Mohler, Mr. Carter, Dr. Gilliam, Dr. Zadnik, Dr. Bellamkonda, and Ms. Mayhan

6) Count VI: Title VII Retaliation, Pursuant to 42 U.S.C. § 2000e (Amended Complaint, ¶¶ 334-345)
    - Against: OSU, the Board, Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby

7) Count VII: Discrimination, Pursuant to Ohio Rev. Code § 4112.01 (Amended Complaint, ¶¶ 346-352)
    - Against: OSU, the Board, Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby

8) Count VIII: Negligent Infliction of Emotional Distress (Amended Complaint, ¶¶ 353-356)

- o Against: Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby

### III. STANDARD OF REVIEW

Defendants move for partial dismissal of Ms. Bunosso's Amended Complaint on multiple grounds. First, Defendants collectively move for the partial dismissal of Counts II, III, IV, and V and the total dismissal of Counts VII and VIII on the basis that the Court lacks jurisdiction to adjudicate these claims due to Defendants' sovereign immunity under the Eleventh Amendment. Second, Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of Count V for failure to state a claim upon which relief can be granted. Third, Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan move to dismiss Count I, as alleged against them, for failure to state a claim upon which relief can be granted. Finally, Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby move to dismiss Count VI, as alleged against them, for failure to state a claim upon which relief can be granted. Because some of these grounds are jurisdictional while others concern failure to state a claim, the applicable standard of review varies.

### A. Defendants' Eleventh Amendment Jurisdictional arguments are reviewed akin to personal jurisdictional arguments under Fed. R. Civ. P. 12(b)(2).

The Sixth Circuit considers questions concerning Eleventh Amendment sovereign immunity "jurisdictional in nature." *Russell v. Lundergran-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). "There is some confusion within [the Sixth] Circuit as to whether state sovereign immunity sounds in personal or subject-matter jurisdiction." *Jones v. Sexton*, No. 3:23-cv-01033, 2025 U.S. Dist. LEXIS 209971, *19 (M.D. Tenn. Oct. 24, 2025). However, "the Sixth Circuit has recognized that although sovereign immunity has qualities of both personal- and subject-matter jurisdiction, 'the Supreme Court is moving in the direction of concluding that, in cases where the district court otherwise has original jurisdiction over the matter, the Eleventh Amendment immunity defense

6

should be treated in the same way courts have traditionally treated personal jurisdiction rather than as a matter of subject matter jurisdiction.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 486 F. Supp. 3d 1173, 1187 (S.D. Ohio 2020), quoting *Ku v. State of Tennessee*, 322 F.3d 431, 432 (6th Cir. 2003).

Motions to dismiss for lack of personal jurisdiction arise under Fed. Civ. R. 12(b)(2). In deciding whether to grant a motion under Fed. Civ. R 12(b)(2), a court may conduct an evidentiary hearing or receive affidavits. *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). However, a court may also dismiss a case for lack of personal jurisdiction if, construing all factual allegations in the light most favorable to the plaintiff, the facts alleged by the plaintiff fail to state a prima facie case for jurisdiction. *Id. See also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).

No hearing or submission of evidence is necessary to determine Defendants' motion to partially dismiss Counts II, III, IV and V and completely dismiss Counts VII and VIII on the basis of Eleventh Amendment sovereign immunity. Even when the pleadings are construed in the light most favorable to Ms. Bunosso, it is clear the Eleventh Amendment bars her from bringing her Section 1983 claims in federal court against OSU and the Board and against the individual Defendants for damages in their official capacities. The Eleventh Amendment bars Ms. Bunosso entirely from bringing her state law claims in federal court.

**B. Defendants' arguments for failure to state a claim upon which relief can be granted are reviewed under Civ. R. 12(b)(6).**

Motions to dismiss for failure to state a claim upon which relief can be granted arise under Fed. R. Civ. P. 12(b)(6). In considering a motion brought pursuant to this Rule, courts construe the complaint in the light most favorable to the non-moving party and accept as true all of a plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). However, courts must

7

read Fed. R. Civ. P. 12(b)(6) in conjunction with Fed R. Civ. P. 8(a), which requires a short and plain statement of a claim showing a plaintiff is entitled to relief. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 907 (S.D. Ohio 2013). Thus, a pleading's factual allegations, even when presumed to be true, must do more than create mere speculation of a legally cognizable claim; they must show entitlement to relief. *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Additionally, "the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2006).

IV. **LAW AND ARGUMENT**

  A. **The Eleventh Amendment partially bars Ms. Bunosso's Section 1983 claims and fully bars her state law claims.**

  1. **Except where the State unequivocally consents to suit or Congress unequivocally abrogates state immunity, the State and its departments and officials are entitled to the protections of Eleventh Amendment sovereign immunity.**

Pursuant to the Eleventh Amendment, federal courts lack jurisdictional authority to hear suits by private citizens against the State, unless the State unequivocally consents to suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate state immunity. *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1999). "The Eleventh Amendment 'bars all suits, whether for injunctive, declaratory, or monetary relief, against the [S]tate and its departments.'" *Gaines v. Cross*, 771 F. Supp. 3d 982, 991 (S.D. Ohio 2025), quoting *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). "Because lawsuits against State officials in their official capacities are effectively lawsuits against the State itself, sovereign immunity also

8

bars suits for damages against State officials in their official capacities." *Gaines* at 991, citing *Kentucky v. Graham*, 473 U.S. 159 (1985).

### 2. All Defendants are either departments of the State or State officials sued in their official capacities.

All Defendants are either departments of the State of Ohio or State officials sued, at least in part, in their official capacities. "[I]t is well settled that Ohio State University is an instrumentality of the State of Ohio." *Matteson v. Ohio State Univ.*, No. C2-99-1267, 2000 U.S. Dist. LEXIS 20424, *9 (S.D. Ohio Sept. 26, 2000). "As an instrumentality of Ohio, OSU is entitled to Eleventh Amendment immunity to the same extent as the rest of the State." *Id*. *See also Dehen v. Ohio State Univ.*, No. 2:23-cv-517, 2023 U.S. Dist. LEXIS 132477, *4 (S.D. Ohio June 5, 2023) (finding OSU entitled to sovereign immunity under the Eleventh Amendment because, as a public university, it is "an arm of the state"). Eleventh Amendment sovereign immunity extends to the Board as the governing body of the University. *Pichiorri v. Burghes*, No. 2:23-cv-1442, 2024 U.S. Dist. LEXIS 173563, *10-13 (S.D. Ohio Sept. 25, 2024) (dismissing Section 1983 and state law claims against the Board on Eleventh Amendment sovereign immunity grounds).

With respect to the individually named Defendants, Ms. Bunosso unambiguously names them in both their individual capacities *and* in their official capacities as administrators or faculty members of OSU. (Amended Complaint, ¶¶ 15-34 (naming each individual defendant and accusing them of "acting or failing to act within the scope, course, and authority" of their employment at OSU)). "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "The Eleventh Amendment bars such suits." *Pichiorri* at *12, citing *Will* at 66. Accordingly, the individual Defendants are all also entitled to sovereign immunity under

9

the Eleventh Amendment to the extent Ms. Bunosso seeks monetary damages from them in their official capacities.

> **3. The Eleventh Amendment bars Ms. Bunosso's Section 1983 claims against OSU and the Board and against individually named Defendants in their official capacities to the extent she seeks damages.**

Ms. Bunosso's federal constitutional claims in Counts II, III, IV, and V should be dismissed against OSU, the Board, and against individual Defendants in their official capacities, because, pursuant to the Eleventh Amendment, the Court lacks authority to adjudicate them. As noted above, the Eleventh Amendment bars suits against the State and its instrumentalities in federal court *unless* the State consents to suit or Congress abrogates the State's sovereign immunity. Congress has abrogated Eleventh Amendment sovereign immunity for claims under Title IX and Title VII. *See Franks v. Ky. Sch. for the Deaf*, 142 F.3d 360, 363 (6th Cir. 1998) (holding that Congress "successfully abrogated the states' Eleventh Amendment immunity from Title IX lawsuits"); *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976) (holding that the Eleventh Amendment does not bar Title VII lawsuits against a state in its capacity as an employer).

However, Ms. Bunosso brings her federal constitutional claims in Counts II, III, IV, and V under 42 U.S.C. § 1983. "And Congress has not abrogated Ohio's sovereign immunity for § 1983 claims." *Pichiorri*, at *11, citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Will* at 71. *See also Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020) ("Notably, 42 U.S.C. § 1983 does not abrogate the States' sovereign immunity."). Accordingly, the Eleventh Amendment bars the Court from adjudicating Ms. Bunosso's Section 1983 claims against OSU and the Board.

The analysis is slightly more nuanced with respect to Ms. Bunosso's Section 1983 claims against the individually named Defendants. Suits against state officials in their official capacity for *injunctive* relief to *prevent* a constitutional violation are not barred by the Eleventh

Amendment. *Watkins v. Ohio Dept' of Educ.*, No. 2:21-cv-04482, 2024 U.S. Dist. LEXIS 115518, * 5 (S.D. Ohio July 1, 2024), citing *Ex Parte Young*, 209 U.S. 123 (1908). However, the United States Supreme Court has held that the Eleventh Amendment bars Section 1983 actions for damages against state officials in their official capacities for alleged constitutional infringements. *Graham*, 473 U.S. at 169-170. Consequently, claims for money damages against individuals in their official capacity "triggers Eleventh Amendment immunity." *Watkins* at *6.

Ms. Bunosso's Amended Complaint seeks damages against individual Defendants in their official capacities. It purports to name the individual Defendants "personally and in their official capacities," and the allegations in the Amended Complaint make clear Ms. Bunosso is targeting the Defendants' alleged conduct in their capacity as employees of OSU for alleged past constitutional violations. Furthermore, she explicitly requests monetary damages. (Amended Complaint, Prayer for Relief.) Consequently, Ms. Bunosso's Section 1983 claims against the individually named Defendants trigger Eleventh Amendment immunity and should be dismissed to the extent they seek monetary damages from individual Defendants in their official capacities.

### 4. The Eleventh Amendment bars Ms. Bunosso's state law claims.

Ms. Bunosso's two claims under state law—her discrimination claim under Ohio Rev. Code § 4112.01 (Count VII) and her tort claim for negligent infliction of emotional distress (Count VIII)—are likewise barred by the Eleventh Amendment. Ohio has waived its sovereign immunity for certain claims under state law, but *only* in Ohio courts. *See Nair v. Columbus*, No. 2:02-cv-595, 2008 U.S. Dist. LEXIS 11988, *29 (S.D. Ohio Feb. 19, 2008) ("While Ohio has waived its immunity from suit in state courts, *see* R.C. § 2743.02(A)(1), Ohio has not explicitly waived its immunity from suit in federal court."), citing *Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527

11

(6th Cir. 1985). Accordingly, the Court lacks jurisdiction over Ms. Bunosso's state law claims. *Nair* at *28-29.

The fact that Ms. Bunosso brings her state law claims supplemental to federal claims over which the Court does have jurisdiction is immaterial. "Eleventh Amendment immunity constitutes a jurisdictional bar, and neither supplemental jurisdiction nor any other basis for jurisdiction overrides Eleventh Amendment Immunity." *Edwards v. Ky. Revenue Cabinet, Div. of Compliance & Taxpayer Assistance*, 22 F. App'x 392, 393 (6th Cir. 2001). In fact, the Court has *specifically held* that the Eleventh Amendment provides the State with immunity in federal court from claims under Ohio Rev. Code Chapter 4112 and state tort law claims for intentional or negligent infliction of emotional distress. *Lutz v. Ohio Dep't of Rehab. & Corr.*, No. 2:10-cv-877, 2010 U.S. Dist. LEXIS 125374, *12 (S.D. Ohio Nov. 29, 2010) ("Because the Eleventh Amendment provides Defendants with immunity from Chapter 4112 claims in this Court, supplemental jurisdiction cannot grant the authority to consider these claims."); *Siegler v. Ohio State Univ.*, 2:11-cv-170, 2011 U.S. Dist. LEXIS 55389 (S.D. Ohio March 23, 2011) (recommending dismissal of intentional infliction of emotional distress and negligent infliction of emotional distress claims on the basis of Eleventh Amendment sovereign immunity), adopted by 2011 U.S. Dist. LEXIS 55325 (S.D. Ohio May 23, 2011). Consequently, the Court cannot exercise supplemental jurisdiction over such claims, and Counts VII and VIII should be dismissed entirely.

**B. Ms. Bunosso's threadbare, conclusory allegations in Count V fail to state a claim for failure to train and supervise.**

Count V should be dismissed for failure to state a claim upon which relief can be granted. Ms. Bunosso fails to allege any *facts* in her Amended Complaint that state a plausible claim for relief against the Defendants named in Count V. "[T]o state a failure to train or supervise claim against a person in their individual capacity, [a plaintiff] must allege sufficient *facts* to show that

12

[the defendant] 'at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Fields v. Hopson*, 2024 U.S. Dist. LEXIS 1819 (W.D. Ky. Jan. 4, 2024) (emphasis added), quoting *Coley v. Lucas Cnty.*, 799 F.3d 530, 542 (6th Cir. 2015). "All told, the Sixth Circuit has stated that 'a failure of a supervisory official to supervise, control, or train the offending individual employees is not actionable absent a showing that the official either encouraged or in some way directly participated in it.'" *Sams v. Franklin Cnty.*, 2022 U.S. Dist. LEXIS 44204, *18-19 (S.D. Ohio March 14, 2022), quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

As noted above, Ms. Bunosso's Amended Complaint lacks *any* specific factual allegations against Dr. Mohler, Mr. Carter, Dr. Gilliam, Dr. Zadnik, or Dr. Bellamkonda. There are certainly no allegations explaining how these Defendants failed to train or supervise their subordinates. *See Sams* at *19-20. The Amended Complaint simply introduces these individuals, describes their jobs at OSU, and then summarily states and concludes they failed to adequately train or supervise their subordinates in a manner "causally connected" to the alleged constitutional infringements. (*See* Amended Complaint, ¶¶ 197-201, 277-280, 318-333.) Such a "conclusory statement" of a failure to supervise claim does not satisfy the pleading requirements of Fed. R. Civ. P. 8(a). *Twombly*, 550 U.S. at 570. Accordingly, Count V must be dismissed as against Dr. Mohler, Mr. Carter, Dr. Gilliam, Dr. Zadnik, and Dr. Bellamkonda. As Count V is the sole claim against these Defendants, they should be dismissed as parties to the case.

Ms. Bunosso's Amended Complaint does at least allege some facts concerning Ms. Mayhan aside from simply describing her job, but none of those facts speak to any element of a failure to train or supervise claim. The Amended Complaint does not include any specific facts suggesting Ms. Mayhan even *knew of,* much less implicitly authorized or acquiesced to any unconstitutional

13

conduct by her staff in the CRCO, nor are there any factual allegations indicating how Ms. Mayhan allegedly failed to train or supervise any of her staff. (*See generally* Amended Complaint.) Accordingly, Count V should likewise be dismissed as against Ms. Mayhan.

### C. Ms. Bunosso cannot bring a Title IX claim against individual Defendants.

While the Eleventh Amendment does not bar Ms. Bunosso's Title IX retaliation claim in Count I, that claim should be dismissed as against Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan, because there is no *individual* liability under Title IX, including for retaliation complaints. "[O]nly 'a recipient of federal funds may be liable in damages under Title IX' and 'only for its own misconduct.'" *Bose v. Bea*, 947 F.3d 983, 988 (6th Cir. 2020), quoting *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 640 (1999). Accordingly, the Sixth Circuit has held that an individual professor cannot be sued directly under Title IX for an alleged retaliatory act against a student. *Bose* at 989 ("But there is no individual liability under Title IX, so Bose cannot use Title IX to sue Bea directly for his alleged retaliatory act."). Therefore, Ms. Bunosso cannot hold Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan individually liable for their alleged retaliatory actions under Title IX. Only Ms. Bunosso's Title IX claim against OSU can survive the pleading stage.

### D. Ms. Bunosso cannot bring a Title VII claim against individual Defendants.

Ms. Bunosso's Title VII claim likewise should be dismissed as against Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby because none of those individuals are "employers" subject to suit under Title VII. The retaliation provisions in Title VII provide it shall be unlawful "for *an employer* to discriminate against any of his employees" due to the employee opposing an unlawful employment practice or charging, testifying, assisting, or otherwise participating in a Title VII investigation or proceeding. 42 U.S.C. § 2000e-3(a) (emphasis added).

14

Title VII does not include individuals within the definition of "employer." 42 U.S.C. § 2000e(b). Rather, Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees[.]" *Id*. Consequently, "Title VII actions simply may not be brought against employees and supervisors in their individual capacities." *Fisher v. Merryman*, 32 F. App'x 721, 723 (6th Cir. 2002). *See also Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("An examination of the statutory scheme and remedial provisions of Title VII, convinces us that Congress did not intend to provide for individual/supervisor liability under Title VII."); *Hiller v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999) ("Indeed, numerous courts including this one, have held that supervisors, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes and accordingly cannot be personally held liable for discrimination."). Accordingly, Ms. Bunosso's Title VII claim as alleged against Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby should be dismissed.

### V. CONCLUSION

While a relative sliver of her Amended Complaint suffices to survive the pleadings stage, the bulk of Ms. Bunosso's claims are fatally flawed right out of the starting gate. Specifically:

(1) Eleventh Amendment sovereign immunity bars federal courts from hearing Counts II, III, IV, and V against OSU and the Board. To the extent those counts seek monetary damages against individual defendants in their official capacities, the Court likewise lacks authority to hear them. Furthermore, the Eleventh Amendment fully bars Ms. Bunosso from bringing Counts VII and VIII in federal court. Accordingly, Counts II, III, IV, and V must be dismissed for lack of jurisdiction against OSU and the Board and against individual Defendants to the extent they seek monetary damages from those Defendants in their official capacities. Counts VII and VIII must be dismissed entirely.

15

(2) Ms. Bunosso fails to state a claim against any Defendant named in Count V, and it should be dismissed accordingly.

(3) Ms. Bunosso brings her Title IX retaliation claim in Count I against individual Defendants Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan, but Title IX does not impose liability upon individuals. Accordingly, Count I must be dismissed against those Defendants.

(4) Ms. Bunosso brings her Title VII retaliation claim in Count VI against individual Defendants Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby, but Title VII does not permit claims against individual employees or supervisors. Accordingly, Count VI must be dismissed against those Defendants.

Defendants respectfully request the Court partially dismiss Ms. Bunosso's Amended Complaint accordingly. The only surviving claims should be Ms. Bunosso's Title IX retaliation claim against OSU, her Title VII retaliation claim against OSU, and her Section 1983 claims against individual Defendants to the extent they do not seek monetary damages against those Defendants in their official capacities.

        Respectfully submitted,

        */s/ Trista M. Turley*
Trista M. Turley (0093939) – Trial Counsel
Ryan C. Spitzer (0093515)
Kyle R. Davidson (0102660)
ISAAC WILES BURKHOLDER & MILLER, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215
TEL:   614.221.2121
FAX:   614.365-9516
tturley@isaacwiles.com
rspitzer@isaacwiles.com
kdavidson@isaacwiles.com

*Attorneys for The Ohio State University, The Ohio State University Board of Trustees, Peter Mohler, Walter Carter, Jr., Melissa Gilliam, Karla Zadnik, Ravi Bellamkonda, Selin Malkoc Goodman, Joseph Goodman, Rebecca Reczek, Greg Allenby, and Melissa Mayhan*

## CERTIFICATE OF SERVICE

I certify that, on this 12th day of December 2025, I electronically filed a copy of the foregoing ***Motion to Partially Dismiss Plaintiff's Amended Complaint*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record. All Parties may access this filing through the Court's system.

        */s/ Trista M. Turley*
Trista M. Turley (0093939)

17