IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISABELLA BUNOSSO, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:25-cv-936 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| THE OHIO STATE UNIVERSITY, ET. AL., | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendants. | : | |

**DEFENDANTS THE OHIO STATE UNIVERSITY, THE OHIO STATE UNIVERSITY BOARD OF TRUSTEES, PETER MOHLER, WALTER CARTER, JR., MELISSA GILLIAM, KARLA ZADNIK, RAVI BELLAMKONDA, SELIN MALKOC GOODMAN, JOSEPH GOODMAN, REBECCA RECZEK, GREG ALLENBY, AND MELISSA MAYHAN'S REPLY IN SUPPORT OF MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT**

I. INTRODUCTION

Much of Plaintiff Isabella Bunosso's "Response in Opposition" to Defendants' Motion to Partially Dismiss Plaintiffs' Amended Complaint does not, in fact, oppose Defendants' motion. To the contrary, Ms. Bunosso appears to agree with the bulk of it.

Defendants The Ohio State University ("OSU"), The Ohio State University Board of Trustees ("Board"), Peter Mohler, Walter Carter, Jr., Melissia Gilliam, Karla Zadnik, Ravi Bellamkonda, Selin Malkoc Goodman, Joseph Goodman, Rebecca Reczek, Greg Allenby, and Melissa Mayhan (collectively, "Defendants") moved to dismiss Ms. Bunosso's § 1983 claims against OSU and the Board on Eleventh Amendment grounds. Ms. Bunosso agrees. Defendants moved on Eleventh Amendment grounds to dismiss Ms. Bunosso's § 1983 claims against all individually-named Defendants *only to the extent those claims sought monetary damages from those defendants in their official capacities*. Ms. Bunosso responded by arguing, at length, that her

1

§ 1983 claims against the individually-named defendants should remain because she seeks injunctive relief for those claims. But Defendants do not contend the Eleventh Amendment bars Ms. Bunosso from seeking *injunctive relief* against the individually-named Defendants in their official capacities and did not move to dismiss the claims to the extent they seek injunctive relief. Here, yet again, there is no disagreement between the Parties. Defendants moved to dismiss Ms. Bunosso's Title IX claim against Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan. Ms. Bunosso agrees. Defendants also moved to dismiss Ms. Bunosso's Title VII claim against Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby. Again, Ms. Bunosso agrees.

In summary, the Parties *agree*: (1) pursuant to the Eleventh Amendment, Ms. Bunosso's § 1983 claim against OSU and the Board must be dismissed (Count III); (2) pursuant to the Eleventh Amendment, Ms. Bunosso's § 1983 claims against any individually-named Defendants must be dismissed to the extent they seek monetary damages from Defendants in their official capacities (Counts II, III, IV, and V); (3) Ms. Bunosso's Title IX claim against Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan must be dismissed (Count I);[1] and (4) Ms. Bunosso's Title VII claim against Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby must be dismissed (Count VI).[2]

Ultimately, there are only two areas of *actual disagreement* between the Parties regarding partial dismissal of Plaintiff's Amended Complaint: (1) whether Ms. Bunosso's state law claims must be dismissed (Counts VII and VIII); and (2) whether Ms. Bunosso's "failure to train and supervise" claim against Dr. Mohler, Mr. Carter, Dr. Gilliam, Dr. Zadnik, Dr. Bellamkonda, and Ms. Mayhan must be dismissed (Count V).

---

[1] Defendants agree Count I can proceed against OSU at this stage.

[2] Defendants agree Count VI can proceed against OSU at this stage.

2

Both disagreements should be resolved in Defendants' favor With respect to Ms. Bunosso's state law claims, the Eleventh Amendment bars Ms. Bunosso from bringing those claims in federal court against any State departments or individual Defendants in their capacity as State employees and Ohio law prohibits Ms. Bunosso from seeking recovery from Defendants in their capacities as individuals. With respect to the "failure to train and supervise" claim, that claim is supported only by threadbare, conclusory allegations that do not meet the standard to state a claim at the pleading stage. Accordingly, that claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. LAW AND ARGUMENT

### A. Ms. Bunosso agrees her § 1983 claim must be dismissed against OSU and the Board because it is barred by the Eleventh Amendment (Count III).

In their partial motion to dismiss, Defendants asserted the Eleventh Amendment bars Ms. Bunosso from brigning Section § 1983 claims against OSU or the Board. (*See* ECF No. 30, PageID # 296.) Ms. Bunosso agrees and states that her inclusion of OSU and the Board in her § 1983 claim in Count III was a typographical error. (ECF No. 35, PageID # 364.) For the reasons set forth in Defendants' motion and pursuant to the Eleventh Amendment, Count III should be dismissed against OSU and the Board.

### B. Ms. Bunosso agrees her § 1983 claims must be dismissed against the individually-named Defendants to the extent they seek monetary relief from those Defendants in their official capacities (Counts II, III, IV, and V).

At the surface level, there *appears* to be disagreement between the Parties as to whether the Eleventh Amendment requires partial dismissal of Ms. Bunosso's § 1983 claims in Counts II, III, IV, and V against the individually-named Defendants. But the Parties are actually in agreement. In her response to Defendant's motion, Ms. Bunosso argues, at length, that *Ex Parte Young* permits her claims under the Eleventh Amendment because she seeks prospective injunctive relief for those claims. (ECF No. 35, PageID # 364-365.) Defendants do not dispute this and do not move for

3

dismissal on Eleventh Amendment grounds of Ms. Bunosso's § 1983 claims against the individually-named Defendants to the extent those claims seek injunctive relief.[3] (*See* ECF No. 30, PageID # 296-297.) Instead, Defendants seek dismissal of the § 1983 claims against individually-named Defendants *only* to the extent they seek monetary damages against those Defendants in their official capacities. (*Id*. at PageID # 297.) Ms. Bunosso acknowledges that the Eleventh Amendment bars her from seeking monetary relief from individual defendants in their official capacities under § 1983 and claims she seeks only prospective injunctive relief against the Defendants individually named in Counts II, III, IV, and V. Therefore, there is no actual dispute between the Parties. Ms. Bunosso's § 1983 claims against the individually-named Defendants should be dismissed to the extent they seek monetary relief against those Defendants in their official capacities, but the Eleventh Amendment does not bar those claims to the extent they seek prospective injunctive relief against those Defendants.

### C. Ms. Bunosso agrees her Title IX claim must be dismissed against Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan (Count I).

The Parties also agree Defendants' motion should be granted as to Count I. In Count I, Ms. Bunosso asserts a Title IX retaliation claim against OSU, the Board, Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan. (Amended Complaint, ECF No. 27, PageID ## 214-215, ¶¶ 284-290.) Defendants moved to dismiss Count I against Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan because Title IX does not provide for individual liability. (ECF No. 30, PageID # 300.) In response, Ms. Bunosso concedes she cannot bring a Title IX claim against individual defendants. (ECF No. 35, PageID # 370.) Her Title IX claim against individually-named Defendants should be dismissed accordingly.

---

[3] Defendants do seek complete dismissal of Count V pursuant to Fed. R. Civ. P. 12(b)(6). (*See* ECF No. 30, PageID ## 298-300.)

4

    **D. Ms. Bunoso agrees her Title VII claim must be dismissed against Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby (Count VI).**

The Parties also agree Defendants' motion should be granted as to Count VI. In Count VI, Ms. Bunosso asserts a Title VII retaliation claim against OSU, the Board, Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby. (Amended Complaint, ECF No. 27, PageID ## 225-228, ¶¶ 334-345.) Defendants moved to dismiss the claim against Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby because Title VII does not provide for individual supervisor or employee liability. (ECF No. 30, PageID # 300-301.) In response, Ms. Bunosso agrees Title VII does not allow for claims against individuals and does not oppose Defendant's motion to dismiss her Title VII claim against individually-named Defendants. (ECF No. 35, PageID # 370.) Defendant's motion should be granted as to Count VI.

    **E. The Court lacks jurisdiction over Ms. Bunosso's state law claims, regardless of how Ms. Bunosso characterizes them (Counts VII and VIII).**

The Parties are not in accord as to the proper disposition of Ms. Bunosso's state law claims. In her Amended Complaint, Ms. Bunosso brings two claims under Ohio law: (1) a discrimination claim under Ohio Rev. Code § 4112.01; and (2) a state tort law claim for intentional infliction of emotional distress. (Amended Complaint, ECF No. 27, PageID ##228-231, ¶¶ 346-356.) She brings these claims against OSU, the Board, Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby. (*Id*.) Defendants moved to dismiss these claims pursuant to the Eleventh Amendment. (ECF No. 30, PageID ## 297-298.)

    **1. Ms. Bunosso does not dispute the Eleventh Amendment bars her state law claims against OSU and the Board.**

In her response to Defendants' motion, Ms. Bunosso does not dispute the Eleventh Amendment bars her state law claims against OSU and the Board. In fact, her response does not address her state law claims against the OSU and the Board *at all*. (ECF No. 35, PageID ## 366-

5

368.) Instead, she asserts Defendants confuse "official-capacity claims with individual-capacity liability" and argues her state law claims "do[] not seek relief form the state treasury, do[] not seek to compel the State of Ohio to act, and do[] not seek enforcement of state law against the State itself." (*Id*. at PageID # 366.) If that is the case, it is unclear why Ms. Bunnoso's Amended Complaint asserted these state law claims against OSU and the Board, both of which are indisputably part of the "State" and entitled to Eleventh Amendment immunity. *See Matteson v. Ohio State Univ.*, No. C2-99-1267, 2000 U.S. Dist. LEXIS 20424, *9 (S.D. Ohio Sept. 26, 2000) (finding that OSU is an "instrumentality of the State of Ohio" and "entitled to Eleventh Amendment immunity to the same extent as the rest of the State"); *Pichorri v. Burghes*, No. 2:23-cv-1442, 2024 U.S. Dist. LEXIS 173563, *10-13 (S.D. Ohio Sept. 25, 2024) (dismissing Section 1983 and state law claims against the Board on Eleventh Amendment sovereign immunity grounds). Though she does not state so explicitly, Plaintiff presumably does not dispute her state law claims must be dismissed at least as against OSU and the Board.

### 2. Ms. Bunosso's state law claims are not cognizable against Dr. Malkoc, Dr. goodman, Dr. Reczek, and Dr. Allenby in their individual capacities.

With respect to her state law claims against OSU employees Dr. Malkoc, Dr. Goodman, Dr. Reczek, and Dr. Allenby, Ms. Bunosso relies on inapplicable case law. Citing to *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991), Ms. Bunosso argues the Eleventh Amendment *generally* does not extend to state officials sued in their individual capacities "even when the alleged conduct occurred in the course of their public duties." (ECF No. 35, PageID # 366.) But this is a grossly overbroad reading of *Hafer*. In *Hafer*, the Supreme Court specifically stated *§ 1983 claims* against state officials in their individual capacities were not barred by virtue of the "official" nature of their acts. *Melo* at 31. In so doing, the Supreme Court relied on the language of § 1983, which defined "persons" to include state officials in their individual capacities. *Id*.

6

The *Hafer* analysis does not extend to Ms. Bunosso's claims under state law. Unlike § 1983, neither Ohio Rev. Code 4112.01 nor any Ohio law applicable to negligent infliction of emotional distress claims contains similar language specifically imposing individual liability upon individuals acting in their official capacities and subjecting them to suit in federal court. To the contrary, Ohio law *specifically immunizes* state employees acting in their official capacities from individual liability for state law claims. Ohio Rev. Code § 9.86 provides:

> [N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Furthermore, Ohio Rev. Code § 2743.02(F) provides:

> A civil action against an officer or employee…that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine initially whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.

Thus, "as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in [Ohio] Revised Code section 9.86." *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989). "[A] state employee is immune from state law claims until the Court of Claims has held that § 9.86 immunity is unavailable." *Prior v. Mukasey*, No. 3:08CV994, U.S. Dist. LEXIS 100668, *2 (N.D. Ohio Nov. 21, 2008).

Ms. Bunosso does not allege Defendants acted outside of the scope of their responsibilities. To the contrary, her Amended Complaint specifically alleges those individuals acted "at all material times…act[ed] or fail[ed] to act within the scope, course, and authority of [their]

7

employment and [their] employer." (Amended Complaint, ECF No. 27, PageID ## 174-175, ¶¶ 25, 27, 29, 31, 33.) Ms. Bunosso cannot avoid the individual Defendants' immunity for her state law claims under the Eleventh Amendment and Ohio Rev. Code § 9.86 by simply purporting to seek recovery against them in their individual capacities.

Furthermore, there is no evidence, in the Amended Complaint or elsewhere, that Ms. Bunosso obtained an immunity determination from the Ohio Court of Claims prior to filing this action. Accordingly, to the extent Ms. Bunosso asserts her state law claims against Dr. Malkoc, Dr. Goodman, Dr. Reczek, Dr. Allenby, and Ms. Mayhan outside the scope of their status as State employees (which she does not appear to do), those Defendants are immune from those claims. *See Campbell* at*22 ("But Plaintiff has not received an immunity determination, which is necessary for her to bring state claims against [Defendant], a state employee, in federal court. For now, this Court does not have subject matter jurisdiction over her pendent state law claims."); *Harris v. Aramark Incorp.*, No. 2:17-cv-872, 2019 U.S. Dist. LEXIS 46124, *5 (S.D. Ohio March 20, 2019) ("Here, as the Magistrate Judge has observed, there is no evidence that an Ohio Court of Claims has determined that the Individual Defendants are not entitled to immunity. Thus, even if Plaintiff has alleged sufficient facts, as he contends, this Court lacks jurisdiction to hear his state-law negligence claim unless and until an immunity determination has been made by the Court of Claims."); *Craft v. Ohio Dep't of Rehab. & Corr.*, No. 1:14 CV 1682, 2015 U.S. Dist. LEXIS 62916, *12 (N.D. Ohio May 12, 2015) (dismissing without prejudice claims against state employees in their personal capacities). Therefore, Defendants' motion to dismiss Counts VII and VIII must be granted pursuant to the Eleventh Amendment and Ohio Rev. Code § 9.86.

**F. Ms. Bunosso fails to allege facts sufficient to establish a reasonable inference Dr. Mohler, Mr. Carter, Dr. Gilliam, Dr. Zadnik, or Dr. Bellamkonda failed to adequately train or supervise their subordinates (Count V).**

Finally, Count V should be dismissed for failure to state a claim upon which relief can be granted. In Count V, Ms. Bunosso asserts a § 1983 claim against the high-level administrators Dr. Mohler (former OSU Interim President), Mr. Carter (OSU President), Dr. Gilliam (former OSU Executive Vice President and Provost), Dr. Zadnik (former OSU Interim Executive Vice President and Provost), Dr. Bellamkonda (OSU Executive Vice President and Provost), and Ms. Mayhan (OSU Deputy Associate Vice President and Title IX Officer) for failure to adequately train or supervise their subordinates under the Fourteenth Amendment. (Amended Complaint, ECF No. 27, PageID# 223-225, ¶¶ 318-333.) The "factual allegations" supporting this claim are barely-couched threadbare recitations of the elements of a failure to train or supervise claim that fail to state a claim upon which relief can be granted.

When ruling on a motion to dismiss, "the Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Calicoat v. Common Pleas Ct. of Montgomery Cnty.*, No. 3:24-cdv-337, 2025 U.S. Dist. LEXIS 76313, *4 (S.D. Ohio April 22, 2025) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Twombly* at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, 'it stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal* at 678, quoting *Twombly* at 557.

"[I]n asserting individual capacity claims based on a failure to train or supervise theory, a plaintiff 'must point to a *specific* action of *each individual supervisor*." *McCoy v. Carlson*, No.

9

3:17-cv-432, 2020 U.S. Dist. Lexis 13230, *7 (S.D. Ohio Jan. 27, 2020), quoting *Phillps v. Roane Cnty., Tenn.*, 534 F.3d 531, 544 (6th Cir. 2008) (emphasis added). "Accordingly, for liability to attach to the individual on a failure to train or supervise theory, the plaintiff must *allege* and prove that the individual 'either encouraged the *specific* incident of misconduct or in some other way directly participated in it.'" *McCoy* at * 7-8, quoting *Phillips* at 543 (emphasis added). "[The Sixth Circuit] has consistently held that damage claims against government officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead allege facts sufficient to show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original). "Further, 'a supervisory official's failure to supervise, control, or train the offending individual is not actionable unless the supervisor either encouraged the *specific* incident of misconduct or in some other way *directly* participated in it.'" *Moniz v. Cox*, 512 F. App'x. 495, 499 (6th Cir. 2013), quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (emphasis added).

In the context of a failure to train and supervise claim, the factual allegations in Ms. Bunosso's Amended Complaint could hardly be more conclusory. She merely states, repeatedly, that each of the high-level administrators named in Count V "failed to train, supervise, discipline, and correct," their subordinates in a way "causally connected" to alleged constitutional violations. (*See* Amended Complaint, ECF No. 27, Page ID # 203, ¶¶ 197-201; PageID ## 212-214, ¶¶ 277-280; PageID ## 223-225, ¶¶ 320-330.) Strikingly absent is *any* allegation of how *any* of the administrators named in Count V encouraged or directly participated in any specific incident of misconduct cited in the Amended Complaint. Accordingly, Count V cannot survive the pleading stage and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Moniz* at 499 (general

10

allegations of a prosecutor's failure to train or supervise prosecutors under his direction failed to state a claim); *McCoy* at *5 (dismissing a failure to train and supervise claim against individual defendants at the pleading stage where "Plaintiff sets forth no allegations detailing the purportedly deficient training or supervision at issue."). As Count V is the only claim asserted against Dr. Mohler, Mr. Carter, Dr. Gilliam, Dr. Zadnik, and Dr. Bellamkonda, those Defendants should be dismissed as parties.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant Defendant's Motion to Partially Dismiss Plaintiff's Amended Complaint.

    Respectfully submitted,

    DAVE YOST
    Ohio Attorney General

    */s/ Trista M. Turley*
    Trista M. Turley (0093939) – Trial Counsel
    Ryan C. Spitzer (0093515)
    Kyle R. Davidson (0102660)
    ISAAC WILES BURKHOLDER & MILLER, LLC
    Two Miranova Place, Suite 700
    Columbus, Ohio 43215
    TEL: 614.221.2121
    FAX: 614.365-9516
    tturley@isaacwiles.com
    rspitzer@isaacwiles.com
    kdavidson@isaacwiles.com

    *Special Counsel for The Ohio State University, The Ohio State University Board of Trustees, Peter Mohler, Walter Carter, Jr., Melissa Gilliam, Karla Zadnik, Ravi Bellamkonda, Selin Malkoc Goodman, Joseph Goodman, Rebecca Reczek, Greg Allenby, and Melissa Mayhan*

## **CERTIFICATE OF SERVICE**

I certify that, on this 13th day of February, 2026, I electronically filed a copy of the foregoing ***Reply in Support of Defendants' Motion to Partially Dismiss Plaintiff's Amended Complaint*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record. All Parties may access this filing through the Court's system.

*/s/ Trista M. Turley*
Trista M. Turley (0093939)