UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ISABELLA KRINGLEN, *fka*
ISABELLA BUNOSSO,

    Plaintiff,

  v.

  :

      Case No. 2:25-cv-936
      Chief Judge Sarah D. Morrison
      Magistrate Judge Chelsey M.
      Vascura

THE OHIO STATE
UNIVERSITY, *et al.*,

  :

    Defendants.

## OPINION AND ORDER

Isabella Kringlen is currently enrolled as a graduate student at The Ohio State University's Max M. Fisher College of Business's Business Administration Marketing PhD program. She alleges that her advisor and other senior faculty subjected her to sex discrimination and abuse, which she reported to OSU's Title IX office. (Am. Compl., ECF No. 27, ¶ 4.) She claims that OSU dragged out the investigations into her reports and OSU faculty and administrators ran a "relentless campaign to stymie" her academic progress and to force her out of her program. (*Id.*) So she brought this action alleging 8 claims against OSU, its Board of Trustees, and several individuals employed by OSU (Peter Mohler, Walter Carter, Jr., Melissa Gilliam, Karla Zadnik, Ravi Bellamkonda, Selin Malkoc-Goodman, Joseph Goodman, Rebecca Reczek, Greg Allenby, and Melissa Mayhan).

This matter is now before the Court for consideration of Defendants' Motion to Partially Dismiss the Amended Complaint. (Mot., ECF No. 30.) Plaintiff opposes the Motion in part. (Resp., ECF No. 35.) The Motion is fully briefed and ripe for a decision.

## I.  STANDARD OF REVIEW

Defendants' Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and (b)(6).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when a court lacks subject-matter jurisdiction. Without subject-matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). When subject-matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack "questions merely the sufficiency of the pleading"—thus, the trial court takes the allegations of the complaint as true. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A factual attack challenges the factual existence of subject-matter jurisdiction, such that no presumption of truth applies to the alleged facts. *Ritchie*, 15 F.3d at 598.

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Rule 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). If the complaint falls short of this Rule 8(a) standard, it may be dismissed.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).

## II.   ANALYSIS

Defendants seek partial dismissal of the Amended Complaint arguing for: (1) dismissal of Count III against OSU and the Board, and Counts II, III, IV, and V against the individual Defendants to the extent they seek damages from those Defendants in their official capacities because the Eleventh Amendment bars these claims;[1] (2) dismissal of Counts VII and VIII because Eleventh Amendment immunity bars these claims in federal court against the State of Ohio and its departments and officials; (3) dismissal of Count V because it fails to state a claim upon which relief can be granted; (4) dismissal of Count I as against Drs. Malkoc,

---

[1] Defendants seek dismissal of Counts II, III, IV, and V against OSU and its Board in their Motion (*see* Mot., PAGEID # 296), but Ms. Kringlen does not assert Counts II, IV, or V against either entity (*see* Am. Compl.).

Goodman, Reczek, and Allenby and Ms. Mayhan because Title IX does not provide for individual liability; and (5) dismissal of Count VI as against Drs. Malkoc, Goodman, Reczek, and Allenby because Title VII does not provide for claims against individual employees and supervisors. The Court addresses each of these arguments in turn.

### A. Eleventh Amendment Immunity

Defendants first move to dismiss some of Ms. Kringlen's claims based upon the immunity afforded by the Eleventh Amendment. Defendants present their argument under Rule 12(b)(2) of the Federal Rules of Civil Procedure. (*See* Mot., PAGEID # 292.) However, dismissals under Eleventh Amendment immunity fall under Rule 12(b)(1), which covers dismissals for lack of subject-matter jurisdiction. *Crump v. Blue*, 121 F.4th 1108, 1113 (6th Cir. 2024). Because the Eleventh Amendment is a "true jurisdictional bar," courts may raise a lack of jurisdiction under the Eleventh Amendment *sua sponte* and, once raised, must address it before proceeding to the merits. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).

> The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Eleventh Amendment applies not only to suits brought against a state by a citizen of "another State" but also to suits brought by citizens against the state in which they reside. *See Kalyango v. Ohio Univ.*, No. 2:22-CV-

4

2028, 2023 WL 2499867, at *14 (S.D. Ohio Mar. 14, 2023) (Marbley, J.) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). The same immunity applies to an instrumentality of the state, such as a state official sued in his or her official capacity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[A] suit against a state official in his or her official capacity ... is no different from a suit against the State itself.") (citations omitted); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). The Eleventh Amendment bars an action against a state in federal court unless Congress has abrogated its sovereign immunity or the state has expressly waived the immunity. *Virginia Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253–54, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011).

Defendants seek dismissal of Counts II, III, IV, and V to the extent those claims seek damages from the Individual Defendants in their official capacities based on Eleventh Amendment immunity. (Mot., PAGEID # 297.) In response, Ms. Kringlen does not dispute the limitations on her claims but says that these claims seek prospective relief against the individual defendants in their official capacities. (Resp., PAGEID # 364.) However, as pleaded, it is not clear in the Amended Complaint that Ms. Kringlen is seeking only prospective relief against the Individual Defendants in their official capacities for the identified claims. Accordingly, Counts II, III, IV, and V are **DISMISSED** to the extent those claims seek damages from the Individual Defendants in their official capacities.

5

Defendants also seek to dismiss Count III as to The Ohio State University and the Board of Trustees. (Mot., PAGEID # 296.) Both entities are instrumentalities of the State and are entitled to Eleventh Amendment immunity. *See Matteson v. Ohio State Univ.*, No. C2-99-1267, 2000 WL 1456988, at *3 (S.D. Ohio Sept. 27, 2000) (Marbley, J.) (finding that OSU is entitled to Eleventh Amendment immunity); *Pichorri v. Burghes*, No. 2:23-cv-1442, 2024 WL 4290257, at *4 (S.D. Ohio Sept. 25, 2024) (Sargus, J.) (finding that the Board of Trustees is entitled to Eleventh Amendment s immunity). Accordingly, Count III is **DISMISSED** as to The Ohio State University and the Board of Trustees.

Finally, Defendants seek to dismiss Ms. Kringlen's state law claims, Counts VII and VIII. (Mot., PAGEID # 297–98.) Ohio law grants civil immunity to state officers and employees in their individual capacities unless the officer's or employee's actions were "manifestly outside the scope of his employment or official responsibilities" or "with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code § 9.86. Ohio law mandates that the determination of whether a state employee was acting within the scope of his employment is exclusively the province of the Ohio Court of Claims. Ohio Rev. Code. § 2743.02(F). "Under Ohio law, then, state employees may not be sued unless and until it has been determined by the Court of Claims that they are not entitled to immunity." *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). In other words, a federal court may not exercise pendent jurisdiction over state claims regarding the individual liability of an "Ohio state employee ... unless and until the Ohio Court of

6

Claims determines he is not entitled to immunity." *Powell v. Morris*, 184 F.R.D. 591, 596–97 (S.D. Ohio 1998) (Marbley, J.). And Ms. Kringlen does not allege that she obtained a decision from the Ohio Court of Claims that Defendants are not immune. The Court thus lacks jurisdiction over Counts VII and VIII and those claims are hereby **DISMISSED without prejudice**.

## B.  Failure to State a Claim

Defendants next move to dismiss Count V for failure to state a claim upon which relief can be granted. (Mot., PAGEID ## 298–99.) Count V alleges a § 1983 Failure to Train and Supervise claim against Defendants Mohler, Carter, Gilliam, Zadnik, Bellamkonda, and Mayhan ("the Supervisory Defendants"). (Am. Compl. ¶¶ 124-128, 197-201, 277-280.)

Personal liability under § 1983 cannot be imposed on supervisors solely on the basis of *respondeat superior*. *See, e.g., Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). As the Sixth Circuit has explained:

> For individual liability on a failure-to-train or supervise theory, the defendant supervisor must be found to have "'encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Phillips v. Roane Cty.*, 534 F.3d 531, 543 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A plaintiff must demonstrate that the defendant supervisor "'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.* (quoting *Shehee*, 199 F.3d at 300). A mere failure to act will not suffice to establish supervisory liability. *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).

*Essex v. Cty. of Livingston*, 518 Fed. App'x. 351, 355 (6th Cir. 2013). Because "[s]upervisors are often one step or more removed from the actual conduct of their

7

subordinates ... the law requires more than an attenuated connection between the injury and the supervisor's alleged wrongful conduct." *Peatross*, 818 F.3d at 241.

The Sixth Circuit addressed pleading standards relating to individual-capacity supervisory liability claims in *Moderwell v. Cuyahoga Cty.*, 997 F.3d 653 (6th Cir. 2021). In that case, the plaintiff brought claims against several Cuyahoga County Correctional Center executives on behalf of the estate of a detainee who committed suicide while held in the jail. *Id.* at 658. The district court denied the CCCC executives' motion for judgment on the pleadings with respect to the plaintiff's supervisory claims. *Id.* at 659. On appeal, the executives argued that they could not be held liable via *respondeat superior* simply because their subordinates violated the decedent's constitutional rights. *Id.* The Sixth Circuit rejected the CCCC executives' argument and affirmed the decision of the district court because, in the complaint, the plaintiff had alleged that the executives "personally devised and implemented the regionalization plan—an unconstitutional policy that created an unreasonable risk of suicide, ... knowingly acquiesced in unconstitutional policies, including the use of solitary confinement as a punishment for minor infractions, the conditions of the Red Zone, and the denial of food as a punishment, ... and [ ] abandoned their duties by failing to enact policies to prevent suicide, to provide adequate healthcare, to ensure appropriate supervision, and to train CCCC's correctional officers...." *Id.* (internal citations omitted). According to the Sixth Circuit,

> As to whether they knowingly acquiesced in the unconstitutional
> conduct of a subordinate, the Executive Defendants argue that Warden

8

Ivey acted unconstitutionally without their knowledge. However, the Executive Defendants' involvement in, and knowledge of, Ivey's unconstitutional conduct requires "facts to be fleshed out during discovery." *Guertin*, 912 F.3d at 927. Drawing all inferences in Plaintiff's favor, the Amended Complaint alleges that, in response to the severe overcrowding knowingly caused by the Executive Defendants, Ivey implemented unconstitutional policies. The Amended Complaint further alleges that the Executive Defendants were on notice of the "insufficient and inedible food" and the "life-or-death" conditions at CCCC. (R. 55 at PageID## 293, 295-296.) They also allegedly "knew of a custom, propensity, and pattern" of prison officials "failing and/or refusing to provide prompt and competent access to and delivery of medical and mental health assessment, evaluation, care, intervention, referral, and treatment, to detainees." (*Id.* at PageID## 304-05.)

*Id.*

By contrast to that case, Ms. Kringlen's allegations are wholly conclusory; she does not plausibly allege any specific conduct on the part of any of the Supervisory Defendants or that they in any way authorized, approved, or knowingly acquiesced in the allegedly unconstitutional conduct at issue. Instead, she generically claims that the Supervisory Defendants were "responsible for training, supervising, disciplining, and correcting faculty and staff regarding [particular duties]" (*See* Am. Compl. ¶ 323) and they failed to do so (*id.* ¶¶ 325-332). These allegations are insufficient.

On this point, Ms. Kringlen is correct that she is not required to prove her case or detail every training deficiency or supervisory lapse in her Amended Complaint. However, she must allege some facts in support of her individual capacity supervisory liability claims against each individual defendant. This, she has failed to do. Accordingly, the Court hereby **DISMISSES** Count V.

9

### C.      Individual Liability under Title IX and Title VII

In response to the Motion to Dismiss, Ms. Kringlen acknowledges that there is no individual liability under Title IX or Title VII. (Resp., PAGEID # 370.) Accordingly, Counts I and VI are **DISMISSED** against the Individual Defendants.

## III.   CONCLUSION

For the reasons set forth above, Defendants' Motion to Partially Dismiss the Amended Complaint (ECF No. 30) is **GRANTED.** The following claims are **DISMISSED with prejudice**:

- Counts II, III, IV, and V to the extent those claims seek damages from the Individual Defendants in their official capacities;

- Count III as to The Ohio State University and the Board of Trustees; and

- Counts I and VI as to the Individual Defendants.

Counts V, VII and VIII are **DISMISSED without prejudice**.

IT IS SO ORDERED.

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

10